65   93
75   615

WALTER F. LAMAR v. THE STATE.

CRIMINAL PRACTICE.    *Conviction supported by testimony of accused. Effect as to certain errors.*

Where the guilt of one convicted of a crime appears by his own testimony, this court will not reverse the judgment and grant a new trial, because counsel for the State was permitted, against the objection of the defendant, to tell the jury in his argument that, on a former trial, the jury "were not out more than one minute in their deliberations when they returned into court with a verdict of 'guilty;'" and because the district attorney, over the objection of the accused, and in spite of the directions of the court to the contrary, read the jury, in his concluding argument, certain parts of the testimony of a witness which were not in evidence; though such infringement of the rights of the accused was serious error. *Martin* v. *State*, 64 Miss. 505, and *Lamar* v. *State*, 64 Miss. 687, distinguished; and *Thomas* v. *State*, 61 Miss. 60, cited.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

Walter F. Lamar was indicted in Yazoo county for "assault and battery with intent to kill and murder." He was tried and convicted, and appealed to this court, where the cause was reversed and remanded. He was then granted a change of venue to Hinds county, where he was again tried and convicted. The evidence given on the first trial was taken down in writing, and on the second trial certain parts of the testimony of one Gilruth, given on the first trial, was read to the jury by agreement. The district attorney, in his argument, read parts of the testimony of this witness, which had not before been read to the jury and were not in evidence, The further facts necessary to be known are stated in the opinion of the court. The defendant was again convicted, and again appealed to this court.

*W. H. Luse, J. D. Everett* and *J. M. Shelton,* for the appellant.

We submit that a great wrong was done appellant by permitting the use of language by counsel for the State, for which the fact that one of appellant's counsel had taken a wide latitude

in his argument, no matter how wide it was, could not afford the least excuse in the world.

If appellant's counsel had taken a latitude which, in the opinion of the court, was too wide, the court ought to have confined him within bounds, and not have attempted to right the wrong committed by permitting him to go beyond bounds (if, in fact, he did go beyond bounds) by permitting counsel for the State to go beyond bounds.

In this connection we refer to the case of *Martin* v. *State*, 63 Miss., 505, and authorities cited in the opinion of the court.

The failure of the court to prevent the district attorney from reading, in his argument to the jury, which was the final argument, certain testimony delivered on the former trial, but which it was agreed should not be read as evidence on the trial now in question, and which, in point of fact, was not so read, after having directed him, on objection urged by appellant's counsel, *three*, several times not to read the same until it had been settled by the stenographer, by examination of his notes of the testimony in the case, whether or not it had been read to the jury as evidence, was a serious error, for which we ask a reversal.

In *Smith* v. *People*, 5 American Criminal Reports, 615, the Supreme Court of Colorado made some comments upon a like proceeding on the part of a prosecuting attorney, to which we invite the consideration of this court.

The judgment in that case was reversed partly because of the conduct of the prosecuting attorney.

We submit that the conduct of the district attorney in this case, now in question, not only may have influenced, but, in all liklihood, did influence the jury against the appellant, and most improperly.

*W. H. Luse*, on the same side.

It will not do to say that the forbidden testimony was immaterial, even if it were so; for if counsel, through mistake or zeal, break over the constitutional barriers and range outside the record, on what legal safeguard can the prisoner rely for a fair and impartial jury? The case of *Martin* v. *State*, 63 Miss., and *Lamar* v. *State*, 64 Miss., are leading cases among the very few decisions on this point; and, while it is impossible to limit

the range of argument with precision, it is equally important to hold the limit with certainty and firmness, as is often illustrated since the days of Paul before Agrippa.　If the prisoner is tried by the law, let him be judged by the law.

*T. M. Miller*, Attorney-General, for the State, submitted the case upon an oral argument.

Cooper, C. J., delivered the opinion of the Court.

In a case where the slightest doubt could be entertained of the guilt of the accused, we should feel it our imperative duty to vacate a judgment of conviction, where the prosecuting attorneys had resorted to the practices shown in this record.

One of the counsel for the State was permitted in his argument to tell the jury that on a former trial the jury " were not out more than one minute in their deliberations, when they returned into court with a verdict of guilty."　To the statement the defendant promptly interposed his objection, which the court refused to sustain, because, as the court remarked, counsel for the defendant had in his opening argument appealed to a " higher law " than that of the State, and had invoked the jury to acquit regardless of the facts.

If it were permissible by a system of cancellation to cure one error by the existence of another, which it is not, the factors cancelled should be equivalent, and that an appeal to a " higher law " by one counsel is the equivalent of the statement of an illegal, irrelevant and prejudicial fact by another, is not to be ascertained with that accuracy that should obtain in judicial proceedings.

But this was not the only infringement of the right of the defendant.　In his concluding argument the district attorney, over the objection of the defendant, and in spite of the twice repeated direction of the court to desist, persisted in reading to the jury, as evidence against the accused, certain portions of the written testimony of a witness which had not been put in evidence.　Thus each of the counsel for the State invoked against the accused prejudicial facts not in evidence ; such conduct deserved the severest censure, and should have drawn from the court an instant and sufficient corrective.

For this palpable and serious error we are urged by counsel for appellant to reverse the judgment and award a new trial, and reliance is placed upon the recent cases of *Martin* v. *The State,* 63 Miss., 505, and *Lamar* v. *The State*, 64 Miss., 687.

In *Lamar* v. *The State*, the error went to the very organization and competency of the jury, the triers of the issue joined. A juror, after evidence had been received, was attacked by the district attorney on a charge of having previously expressed his determination to get upon the jury and acquit the defendant. The juror was, as was said in that case, " thereby placed under bonds, as it were, to go against the prisoner in order to free himself from the charge made against him." The point of that decision was that the act of the State, in attacking the juror, invalidated the panel, and though the defendant was clearly guilty the judgment was not permitted to stand, because it was not supported by the verdict of any jury competent to try the issue joined between the accused and the State.

In Martin against the State, the conviction rested principally upon circumstantial evidence sufficiently strong to uphold the verdict ; but not so conclusive as to enable us to confidently affirm that a verdict of guilty ought and must have followed from the competent evidence alone.

In neither of these cases did we depart from the rule that where the guilt of the accused is clearly and incontrovertibly shown by his own testimony, a mere error in the proceeding will not call for a reversal. *Thomas* v. *The State*, 61 Miss., 60. The appellant was examined as a witness in his own behalf, and by his own statement it is clearly and unequivocally shown that he committed the crime of which he has been convicted. He in effect avows his guilt as conclusively as though he had pleaded guilty to the indictment. Under such circumstances, though manifest error has intervened, the judgment should be affirmed.