EZRA HAMPTON *v.* STATE OF MISSISSIPPI.

[40 South. Rep., 545.]

CRIMINAL LAW. *Argument of counsel. Abuse.*

It is reversible error for a district attorney, in prosecuting a mulatto for murder, to be allowed to make a statement in his argument to the jury affirming a material fact not based upon or warranted by the evidence, followed by the further statements that "not a negro in that great concourse of negroes who threaten to be respectable has dared to come here and testify in behalf of this mulatto" (pointing to defendant), that "in any other state of the Union defendant would be hanged without benefit of clergy;" that "mulattoes should be kicked out by the white race and spurned by the negroes;" and that "they, mulattoes, are accursed by every white man who loves his race and despised by every negro who respects his."

FROM the circuit court of Kemper county.

HON. ROBERT F. COCHRAN, Judge.

Hampton, the appellant, was indicted, tried, and convicted of the murder of one Henry Welch, and sentenced to the penitentiary for life, from which conviction and sentence he appealed to the supreme court.

The facts upon which the case turned in the supreme court are fully stated in the opinion of the court.

*G. J. Rancher,* and *George H. Ethridge,* for appellant.

The language of the district attorney was a most flagrant abuse of right, unsanctioned by law or justice. He not only stated things to be facts which were not in evidence, but impeached the character of witnesses for defendant by his unsworn statements. The law provides the way in which to attack a witness, and when the attorney for the state failed to attack them as prescribed by law, he had no right to inject his unsworn statement as to their character. 1 Thompson on Trials, secs. 971, 972. It was the duty of the court to stop the district attorney at the request of counsel for defendant, and when counsel for defendant protested against the remarks of the attorney for the state and the court did not check him, it was only adding fuel to the flames, and without further comment we cite the following authorities: 1 Thompson on Trials, sec. 958; *Ib.,* sec. 955; *Ib.,* sec. 956; *Ib.,* sec. 282; *Ib.,* sec. 242; *Ib.,* sec. 963 and note on page 747; 44 Wis., 282–282; *Coleman* v. *State* (Ala.), 6 South. Rep., 290; *Cavanah* v. *State,* 56 Miss., 299; *Martin* v. *State,* 63 Miss., 503; *Lamar* v. *State,* 65 Miss., 90 (s.c., 3 South. Rep., 78); *Stale* v. *Thompson,* 30 South. Rep., 895; *Ragland* v. *State* (Ala.), 27 South. Rep., 983; *Scott* v. *Slate* (Ala.), 20 South. Rep., 468; *Lee* v. *State,* 75 Miss., 625 (s.c., 23 South. Rep., 628); *Anderson* v. *State* (Ala.), 16 South. Rep., 108; *Florence, etc.,* v. *Field* (Ala.), 16 South. Rep., 538; *Jenkins* v. *State* (Fla.), 18 South. Rep., 182; *Dollar* v. *Slate* (Ala.), 13 South. Rep., 575.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The remarks of the district attorney complained of do not appear by special bill of exceptions, but only in the motion for a new trial. Such being the attitude of the record, this ground of error cannot be considered. *Powers* v. *State,* 83 Miss., 681 (s.c., 36 South. Rep., 6).

Argued orally by *George H. Ethridge,* for the appellant, and by *R. V. Fletcher,* assistant attorney-general, for the appellee.

CALHOON, J., delivered the opinion of the court.

It appears that the district attorney was permitted by the court to use the following language over objection: "The shirt was cut and fixed in the jail with Charley Stuart's knife." This is without support in the evidence. The district attorney further said to the jury these words: "Not a negro in that great concourse of negroes who threaten to be respectable has dared to come here and testify in behalf of this mulatto" (at the same time pointing to the defendant). He further said to the jury that: "In any other commonwealth in this Union (pointing to the defendant) he would be hung without benefit of clergy." He further said to the jury, referring to the evils of miscegenation, the defendant being a mulatto, that "mulattoes should be kicked out by the white race and spurned by the negroes; that the defendant was whiter than himself, the counsel of defendant, or the judge, or any of the jury, but that they were negroes, and that as long as one drop of the accursed blood was in their veins they have to bear it; that these negroes (referring to the defendant and his brother) thought they were better than other negroes, but in fact they were worse than negroes; that they were negritoes (pointing at the defendant), a race hated by the white race and despised by the negroes, accursed by every white man who loves his race, and despised by every negro who respects his race."

Mulattoes, negroes, Malays, whites, millionaires, paupers, princes, and kings, in the courts of Mississippi, are on precisely the same exactly equal footing. All must be tried on facts, and not on abuse. Only impartial trials can pass the Red Sea of this court without drowning. Trials are to vindicate innocence or ascertain guilt, and are not to be vehicles for denunciation.

*Reversed and remanded.*