BOB HARDAWAY v. STATE.

[54 South. 833.]

CRIMINAL LAW. *Appeal to race prejudice. District attorney.*

> Where the prosecuting attorney in his closing argument, unrebuked
> by the court and over the protest of defendant, appealed to race
> prejudice by suggesting to the jury that they believe the state
> witness instead of defendant for the reason that the state witness
> was a white man and defendant was a negro, it was reversible
> error.

APPEAL from the circuit court of Jones county.
HON. PAUL B. JOHNSON, Judge.
Bob Harding was convicted of unlawful retailing and
appeals.
The facts are fully stated in the opinion of the court.

*Bullard & Gavin,* for appellant.

The district attorney realized that it was doubtful
that the jury would believe an unsupported witness who
confessed that he was actuated by motives of revenge or
gain rather than the defendant, and to induce them to
do so he proceeded to furnish them the reason, or rather
motive, that would most likely accomplish this result.
That was a direct appeal to race prejudice. "There
are four reasons," he said, "why I would believe the
state's witness before I would the defendant. In the
first place his skin is white while the defendant's is
black; he is a white man and the defendant is a negro,
and somehow or other it is just natural and inborn in me
to believe a white man before I will a negro." The
defendant objected and excepted, and the district attor-
ney made it doubly worse by defying his counsel to ob-
ject to that comparison as often as they pleased. "I
have been where you are myself and I know how this

kind of argument hurts.'' Thus he furnishes himself the reason for the condemnation of what he did. ''Object to this comparison as often as you please.'' What comparison? That of the man with the white skin, and the man with the black skin; the white man and the negro. The truth of the man with the white skin, and perhaps the black heart, and the truth of the man with the balck skin, and nothing so far as the record shows, to impeach his heart except his skin, which the district attorney was holding up to their gaze. ''I have been where you are and I know how this kind of argument hurts.'' What argument? The comparison of the skins. And why does he know the argument hurts? Because he knows that the comparison goes home as he intended it should, and as it did. And that is the reason why he made the comparison, he knew that it would hurt. He knew that because of his gravely equivocal attitude, the state's witness needed a prop, or he must take the prop from under the defendant. There was no prop with which he could support his own tottering witness and he proceeded to take the last one from under the other. So he made the deadly comparison, the argument that hurts.

This manner of argument, this manner of appeal to race prejudice, when the invocation ought to be to do justice pure and undefiled, has never, so far as our records show, escaped without its fitting rebuke from this court. Whatever else we may deny the negro, we do give him the same measure of even handed justice we claim for ourselves.

In *Hampton* v. *State*, 40 So. Rep. 545 and *Harris* v. *State*, 50 So. Rep. 626, this court sharply condemned such manner of argument and the case of *Tannehill* v. *State*, 48 So. Rep. 662, is an Alabama case very much like the case at bar. There, as here, the prosecuting attorney invited the jury to disbelieve the defense because it was testified to by negroes, and the supreme court of Alabama rebuked it.

*Carl Fox,* assistant attorney-general, for appellee.

· The state has no argument to make.

SMITH, J., delivered the opinion of the court.

Appellant, a negro, was convicted of the unlawful sale of intoxicating liquor, and appeals to this court.

There were only two witnesses to the fact of the alleged sale—one a white man, introduced on the part of the state, and the appellant, who testified in his own behalf. The case is a close one on its facts. In his closing argument to the jury the acting district attorney, over the protest of appellant, and unrebuked by the court, appealed to race prejudice by suggesting to the jury that they believe the state witness instead of appellant, for the reason that the state witness was a white man and appellant was a negro.

Race prejudice has no place in the jury box, and trials tainted by appeals thereto cannot be said to be fair and impartial. As was said by the supreme court of Alabama, in *Tannehill* v. *State,* 159 Ala. 51, 48 South. 662: "It is the duty of the court to see that the defendant is tried according to the law and the evidence, free from any appeal to prejudice or other improper motive, and this duty is emphasized when a colored man is placed upon trial before a jury of white men." And by this court, in *Hampton* v. *State,* 88 Miss. 257, 40 South. 545, 117 Am. St. Rep. 740: "Mulattoes, negroes, Malays, whites, millionaires, paupers, princes, and kings, in the courts of Mississippi, are on precisely the same exactly equal footing." And again by this court, in *Harris* v. *State,* 50 South. 626: "Every defendant at the bar of his country, white or black, must be accorded a fair trial according to the law of the land, and that law knows no color."                    *Reversed and remanded.*