ILLINOIS CENTRAL RAILROAD COMPANY *v.* JAKE WEINSTEIN.

[55 South. 48.]

TRIAL. *Improper argument. Instructions.*

Where in the argument of a close case upon the facts, the counsel for plaintiff in commenting on the facts of defendant's failure to produce certain witnesses on the stand said, over defendant's objection, that the fact that defendant had not brought certain witnesses raised the reasonable inference that defendant believed that if such witnesses were present they would testify in favor of plaintiff, and thereupon defendant asked an instruction that the jury could not presume that any person not present would testify against defendant and that defendant was no more bound to produce such witnesses than plaintiff. *Held,* that the refusal of this instruction and the refusal of the court to prevent the improper argument of counsel was reversible error.

APPEAL from the circuit court of Tallahatchie county. HON. SAM C. COOK, Judge.

Suit by Jake Weinstein against the Illinois Central Railroad Company.    From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Stone & Gary* and *Mayes & Longstreet,* for appellant.

Instruction No. 11 asked by the defendant and refused by the court, was warranted by statements of counsel

for plaintiff excepted to by defendant by special bill of exceptions, and the rule of law announced in this instruction was the correct rule applicable to the objectionable remarks made by counsel and this instruction should have been granted.

*Tim E. Cooper,* for appellee.

The 11th instruction, refused, was properly refused. The evidence showed that the plaintiff was a stranger to the persons on the train and the railroad conductor took the names of certain of these persons as witnesses to the occurrence. Certainly, if the railroad company had the names of the witnesses and the plaintiff did not, it is not true that plaintiff was under the same obligation to produce the witnesses, or that the jury might, or might not, infer unfavorable testimony to the plaintiff, if they were not produced.

This was a question which should have been left to the jury. What is meant by the obligation to produce the witness, is simply this: that if a witness known to a party is not produced, the jury may, or may not, infer, according to circumstances, that the witness was not produced because his testimony would be unfavorable to the party. And when the court tells the jury that no greater obligation rests on the defendant than on the plaintiff, it assumed to settle this question of fact and thus invades the province of the jury.

It is submitted that on the whole case, the verdict is supported by the evidence; that there are no errors of law and that the judgment should be affirmed.

McLAIN, C.

This is an appeal from the circuit court of the First district of Tallahatchie county, from a judgment in favor of appellee. Weinstein, against appellant, the railroad company, for alleged personal injuries inflicted upon appellee by appellant, the railroad company.

Upon the trial of this cause, appellant presented the following special bill of exceptions: ''Counsel for the plaintiff, in closing the argument in this cause, said to the jury that the conductor at the time of the accident took the names of the persons present, of Vaiden and others, and that it had failed to bring them to court when it could issue them free passes, and that the reason of this was because they thought they would testify unfavorably for the defendant, and would support the plaintiff. Counsel for the defendant objected to the statement of counsel, and the court made no ruling on the objection, and defendant excepted thereto. Defendant asked and obtained the following charge: 'The court charges the jury, in this case, from the evidence before you, you should not indulge any unfavorable presumption against the defendant on account of the absence of witness Vaiden, and have no right to indulge the presumption that defendant knew or believed he would testify something favorable to the plaintiff. The jury should only consider the statement of Vaiden as set out in the written statement, and should consider that just as if Vaiden was present and testifying to it before the jury'—and passed it to counsel, who read it and said he did not mean Vaiden, but the other parties whose names were taken by the conductor, and that he would repeat that the fact that the railroad company had not brought these other perssons it was reasonable to infer was because it believed they would support the plaintiff, that that was what he meant to say, and that he would repeat the same. Thereupon counsel for the defendant asked the following charge: 'The court charges the jury that they have no right to presume any person who is not present and testifying would give evidence unfavorable to the railroad company, and no greater obligation rests on the defendant to bring such person than rests on the plaintiff. The jury must try this case on the evidence before them, and not on something that

either they or counsel may imagine some absent person might testify—which the court refused to give, and the defendant excepted to the action of the court in both refusing the said charge and declining to stop counsel, or ruling out his remarks, as above set out, and now tenders his special exceptions.''

This instruction was warranted only by the statements of counsel for plaintiff, and the rule of law announced therein was the correct rule applicable to the facts and to the objectionable remarks of counsel, and the instruction, under the facts as disclosed by this special bill of exceptions, should have been granted. The parties, whose absence was commented upon by counsel for plaintiff, were equally accessible to plaintiff and defendant, so far as the record discloses.

The refusal of the court, under the circumstances as detailed in this special bill of exceptions, to stop or admonish counsel for his remarks, followed immediately by the refusal of this instruction, all in the presence of the jury, was prejudicial to the rights of the defendant. This being, in our opinion, a close case on the facts, we are unwilling to affirm that no injury was done appellant by the comments of counsel and the ruling of the court as above set out.

We think the case should be reversed. We do not pass upon any other assignment of errors contained in the record.

*Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated by the Commissioner, the case is reversed and remanded.