MOSELEY v. STATE.

[73 South. 791, Division B.]

CRIMINAL LAW. *Argument or prosecution. Invoking race prejudice.*

Where a negress was being prosecuted for selling whisky and the only witness for the state was a white man, it was reversible error for the district attorney to state to the jury, "it is just a question whether or not you believe this negro or the white witness," naming him, and his retort when appellant's counsel

objected, to further say "she is a negro; look at her skin; if she is not a negro I don't want you to convict her" where the court when appealed to, did not rule on the objection but merely said, "well what is she."

APPEAL from the circuit court of Jones county.

HON. PAUL B. JOHNSON, Judge.

Anna May Moseley was convicted for selling whiskey and appeals.

The facts are fully stated in the opinion of the court.

*G. E. Garner,* for appellant.

It is needless to call the attention of the court to the fact that the facts in this case are closely disputed, as there were only two witnesses, the witness for the state and the appellant herself, and so far as the appellant is concerned, this is nearly always the case, as one under this charge can never know when, where and the circumstances upon which, the state expects to make out its case. This being the case we submit that the errors complained of are the more harmful, and that under the law of the state of Missisippi as laid down and adopted by this honorable court, this conviction cannot stand.

I most earnestly call the attention of the court to the case of *Hardaway* v. *The State,* 54 So. 833, which is a case similiar in all particulars, and yet, the errors in that case could not have been so prejudicial as in the case at bar. There was not a repetition of the statement; counsel did not state: "Well if she is not a negro, I don't want you to convict her, and the court did not ask without further remarks: "Well what is she."

We submit that cases of this kind are easily made and very hard to disprove to say the least of them, and when it is as close upon the facts as it appears here, no racial prejudice should be allowed to enter into the consideration thereof. Was it not enough that the jury

sitting there as they did, seeing the witnesses and hearing them testify, should decide it without this suggestion and statement of counsel?

We take it, that in the face of the case of *Hardaway* v. *The State, supra,* it is useless to cite further authorities and respectfully submit that the cause should be reversed.

*Ross A. Collins,* Attorney-General, for the state.

Counsel for appellant contend the remarks of the prosecuting attorney constitute reversible error, and that this case falls within the rule as announced in the case of *Hardaway* v. *State,* 54 So. 833. The two cases are not at all similiar. In the Hardaway case the prosecuting attorney appealed to race prejudice by suggesting to the jury that they believe the state witness instead of the appellant, because the state witness was a white man and the appellant was a negro. In the case at bar no such appeal or suggestion was made. There was no suggestion, directly or indirectly, in the remark: "It is just a question whether you believe this negro or Mat Edwards," that the jury should disbelieve the appellant because she was a negro. There is not even a hint in this expression that the woman should be disbelieved because she was a negro, but on the other hand the question is put squarely up' to the jury as to which they believe—Mat Edwards or the negro woman.

As, for the remark, "She is negro; look at her skin; If she is not a negro, I don't want to convict her," it certainly could not have prejudiced the jury against the appellant. From this record it must have been perfectly obvious to the jury, as well as to every man in the courtroom, that appellant was a negro. She was referred to during the examination of the witnesses, both by the prosecuting attorney and her own attorney, as "nigger" and "darkey." The fact that the jury was directed to "look at her skin" could have meant

but one thing, and that was, that any one could tell at a glance from the color of her skin and her complexion that she was a negro. The jury most certainly did not get the idea from the remark, "If she is not a negro, I dont want you to convict her," that the prosecuting attorney meant to tell them that if they should believe she was white they should acquit, but if a negro, they should convict. It is perfectly· mainfest that he meant to, and did, convey the meaning that there was absolutely no question about her being a negro; that there was no more doubt as to this fact than as an officer of the law, he desired to see all violaters of the law convicted.

I respectfully submit that the remarks complained of do not constitute error, and that the case should be affirmed.

COOK, P. J., delivered the opinion of the court.

Appellant was indicted, tried, and convicted for selling a bottle of whisky.

Appellant is a negro, and the sole state witness was a white man. The white witness testified that he bought a pint of whisky from the negro defendant, paying her therefor one dollar. The defendant denied the commission of the crime charged in detail and *in toto*.

The district attorney, in his closing argument to the jury, said:

"It is just a question of whether or not you believe this negro or Matt Edwards."

Appellant's counsel objected to this statement of the district attorney, whereupon the district attorney "rubbed it in," by this retort:

· "She is a negro; look at her skin. If she is not a negro, I don't want you to convict her."

The court did not rule upon the objection—he merely said, "Well, what is she?" It will be seen that the representative of the state staked his case upon the

question as to whether or not the defendant was a negro. If she was a negro, and the state's witness was a white man (which latter fact seems not to have been contradicted), then the district attorney demanded that the law of the land would be vindicated only by a conviction of the defendant. So we have a case wherein the very important fact of the race of the defendant was put in question, and when the jury, by an inspection of the skin of the defendant, or that part of same visible to the jury, determined this crucial question in favor of the state, it logically followed that a verdict of guilty would be returned, and was returned. The trial judge, by ignoring the objection of appellant's counsel, seems to have approved the issue presented by the lawyer for the state. True, some casuists make bold to assert, from a moral point, that the purchaser of whisky is, at least, quite as bad as the seller. But, to keep safely within the issue presented, this point was not urged by defendant. The jury decided, first, that the witness was a white man, and the defendant was not only of African descent, but more, that she was a female, and the concurrence of these facts, necessarily demand that the issues presented should be determined in favor of the prosecutor. It is our opinion that the guilt of the defendant must be proven beyond all reasonable doubt, and that the color of her skin, the race to which she belonged, and her sex had nothng to do with the case, except as an appeal to race antipathy and prejudice. This injection of race question into court trials has been uniformly condemned by this court. *Hardaway* v. *State,* 99 Miss. 223, 54 So. 833, Ann. Cas. 1913D, 1166.

*Reversed and remanded.*