## HARWELL ET AL. *v.* STATE.

[93 South. 366. No. 22317.]

1. CRIMINAL LAW. *Remarks of prosecuting attorney held comment on failure of defendant to testify, and erroneous.*

In a criminal case, it is reversible error, under section 1918, Code 1906 (Hemingway's Code, section 1578), for the prosecuting attorney to comment on the failure of an accused to testify. The argument set out in the second syllabus constituted a comment on such failure, within the meaning of the statute.

2. CRIMINAL LAW. *Remarks of counsel as to failure of defendant to testify held improper.*

In a criminal case, where two persons are jointly indicted for crime and are jointly tried by common counsel, who after the state closes its case retire for consultation, and after such consultation return and introduce one of the defendants, but not the other, it is improper argument for the prosecuting attorney to make the following statement in argument: "Gentlemen: I can imagine what took place in that room there, when these defendants went in there with their attorneys, after the state had rested its case. This is about what occurred: The attorneys said to the defendants: 'Boys, the state has made out a terribly strong case against you, and it looks like they have got you. What have you to say for yourselves?' Then I imagine the big fellow (referring to Henry Payne, who did not take the stand in his own behalf) said: 'I know of nothing I could say to save myself, so I won't go on' (meaning on the stand). Then I imagine the little fellow, Harwell, said: 'Well, I am a young man, twenty-two years old, I cannot make it no worse, so I will take a shot at it.'"

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

Thomas Harwell and others were convicted of the manufacture of intoxicating liquors, and they appeal. Reversed and remanded.

*Norman R. Allen,* for appellant.

Now as to the second assignment of error, to-wit that the district attorney's comments upon the failure of Payne

to take the stand and testify, there can be no doubt that this was highly prejudicial to Payne and Harwell and in our opinion was the sole and only cause of the verdict of the jury. It has been the rule of this court in a long line of cases, which will be cited at the conclusion of this brief, to hold such remarks as the ones made by the district attorney in this case reversible error and while it may be urged that no objection was made at the time by the defendants, yet we answer that such remarks are so highly improper that the court should stop the district attorney, or failing to do so, when the matter is called to his attention by motion for a new trial this motion should be sustained.

We cite as sustaining our contention that this case should be reversed and remanded, the following cases, and respectfully ask of this honorable court a reversal and remanding of the case: *Burt Eiddick* v. *State*, 72 Miss. 1008; *Will Sanders* v. *State*, 73 Miss. 444; *Bunckley* v. *State*, 77 Miss. 540; *William W. Hoff* v. *State*, 83 Miss. 488; *Allie Smith* v. *State*, 627; *Prince* v. *State*, 263; *Allie Smith* v. *State*, 111 *Dudley Drane* v. *State*, 92 Miss. 180; *William Harris* v. *State*, 96 Miss. 379.

We respectfully submit also that in the case at bar the remarks of the district attorney were just as prejudicial as the remarks of the district attorney in his closing argument in the case of *Lewis Fletcher* v. *State*, from the first district of Bolivar county and which case was by this honorable court reversed April 17, 1922.

*C. E. Dorrah,* assistant attorney-general, for the state.

The only assignment of error which, it seems, is entitled to serious consideration, is the first assignment, which is based on the special bill of exceptions, page 13, and which is set out as follows: "Gentlemen: I can imagine what took place in that room there when these defendants went in there with their attorneys after the state had rested its case. This is about what occurred. The attorneys said to the defendants, 'Boys, the state has made out a ter-

ribly strong case against you, and it looks like they have got you. What have you got to say for yourselves?' Then I imagine the big fellow (referring to Henry Payne who did not take the stand in his own behalf) said: 'I know nothing I could say to save myself, so I won't go on' (meaning on the stand), then I imagine the little fellow, Harwell, said 'Well, I am a young man, twenty-two years old, I cannot make it no worse, so I will take a shot at it.' ''

If this court considers the above as a comment on the defendant's not testifying, then this case should be reversed as to appellant Payne; otherwise it should be affirmed as to both appellants. Appellee does not think that the rights of either appellant were prejudiced in any manner by the remark made by the district attorney, and submits that this case as to both appellants should be affirmed. The testimony in this case is beyond a reasonable doubt sufficient to convict appellants of manufacturing intoxicating liquor.

Etheridge, J., delivered the opinion of the court.

The appellants were tried and convicted for the manufacture of intoxicating liquors, and each sentenced to serve a term in the state penitentiary. It appears from the state's evidence that the defendants were arrested in a thicket near the residence of one of them, having a crude still in which was fermented mash, and that a fire had been kindled under the still and was burning at the time of the arrest, and that the bucket under the apparatus contained intoxicating liquors, which had run through a process of distillation, and that such liquor was intoxicating. The state witness did not taste the liquor, and testified that he would not taste it, but testified that it was whisky. It was also in proof for the state that the defendant Harwell confessed to the making of intoxicating liquors in the presence of the defendant Payne. The testimony for the appellants consisted of the testimony of Harwell, for Payne did not testify. Harwell testified that they had not distilled any liquor; that they had just

started in the process but that no liquor had been distilled; and also denied the alleged confession attributed to him by the state's witnesses. On the trial of the case, the defendant Payne not having taken the stand, the district attorney in his closing argument made the following remarks:

"Gentlemen: I can imagine what took place in that room there, when these defendants went in there with their attorneys, after the state had rested its case. This is about what occurred: The attorneys said to the defendants: 'Boys, the state has made out a terribly strong case against you, and it looks like they have got you. What have you to say for yourselves?' Then I imagine the big fellow (referring to Henry Payne, who did not take the stand in his own behalf) said: 'I know of nothing I could say to save myself, so I won't go on' (meaning on the stand). Then I imagine the little fellow, Harwell, said: 'Well, I am a young man, twenty-two years old. I cannot make it no worse, so I will take a shot at it.'"

This is assigned for error, and it is urged that it must reverse the case as to both defendants. The defendants were jointly indicted and jointly tried, and were defended by common counsel. Section 1918, Code of 1906 (section 1578, Hemingway's Code), reads as follows:

"The accused shall be a competent witness for himself in any prosecution for crime against him; but the failure of the accused, in any case, to testify shall not operate to his prejudice or be commented on by counsel."

The argument of the district attorney was in direct violation of this section, and it is clear, under all the authorities, that the judgment must be set aside at least as to the defendant Payne. Does the argument avoid the conviction as to Harwell? Harwell testified in his own behalf, but he did not introduce his codefendant, Payne, and, indeed, could not introduce Payne, or force him to testify as a witness, any more than the state could introduce him and force him to testify. In other words, both the state and Harwell were equally powerless to use the testimony of Payne, unless Payne consented. It would appear from

the argument that at the close of the testimony for the state the defendants and their counsel retired to consider what evidence would be put up for the defendants. We do not think any comment should be made on this fact before the jury. It is a sacred right, accorded to all defendants by the Constitution, to be defended by counsel and to confer with such counsel with reference to their causes. It was improper for the district attorney to seek to draw a deduction, and to state before the jury what in his opinion occurred when this conference was held. The plain inferences to be drawn from his statement of his so-called imagination are that Harwell and Payne would neither introduce Payne, for the reason that Payne would not corroborate Harwell's statement, and that Harwell was young and reckless, and would take a shot at mounting the stand any way. In other words, it was an effort to draw a deduction, from the fact that Payne was not introduced as a witness, that if he had been introduced that he would impeach the testimony of Harwell.

This court has dealt in many cases with improper arguments, and has reversed many cases because of improper arguments by the district attorney, drawn from facts not in evidence, or from stating facts which were not in evidence. In *Kelly* v. *State*, 113 Miss. 850, 74 So. 679, the court reversed the conviction because the district attorney in argument characterized the accused as a "bad negro," although the evidence did not support such charge, and further stated that he, the district attorney, had never prosecuted an innocent person and that he investigated the case. In dealing with this argument, the court, speaking through Judge SYKES, said: ·

"While great latitude is allowed in the argument of counsel, at the same time these arguments must be based upon the testimony introduced in the case. The portion of the above-quoted argument was highly prejudicial to the accused. All of it was improper. It was not an argument to convict the defendant upon the testimony, but rather an appeal to the prejudice of the jury to convict

him on general principles.  There was no testimony what-
ever introduced to show that the accused was a man with
a bad reputation for peace and violence; yet the district
attorney in this argument characterizes him as 'a mean
negro—a bad negro.' "

The court then quotes from *Martin* v. *State,* 63 Miss.
505, 56 Am. Rep. 813, condemning a similar argument,
and, after quoting, said: "The last paragraph of the above-
quoted argument of the district attorney was perhaps the
most prejudicial and improper part.  By it he told the
jury that he never prosecuted an innocent party; that
he always investigated the cases thoroughly, as he had
done in this case; and that he had gotten a statement
from Rose Hill, or Rosa Dearing, who was also charged
with the murder, and had found that she was not guilty
of it. . . . There was no testimony showing the facts
about the private investigation made by the district at-
torney in this case and of his conference with Rosa Dear-
ing, and the facts and reasons why he *nolle pros'd* the
case against her and Lucile Hill.  The state would not
have been permitted to introduce this testimony had it
tried.  Consequently the argument of the district attor-
ney amounted in effect to his unsworn testimony, which
was incompetent.  It further had the effect of giving the
jury the benefit of his private opinion as to the guilt of
the accused, not based upon the testimony introduced be-
fore the jury, but based upon his opinion resulting from
his private investigation of the case."

In *Railroad* v. *Weinstein,* 99 Miss. 515, 55 So. 48, the
court held that the comment of counsel upon failure of
defendant to produce certain persons as witnesses, where-
in counsel stated that the failure to produce such person
gave the jury the right to infer that their testimony would
have been adverse to the defendant, was reversible error,
and that the absent parties were equally accessible to
plaintiff and defendant, and that juries tried cases on the
evidence before them, and not on testimony that either
they or counsel may imagine some absent person might

give. See, also, *Perkins* v. *Guy*, 55 Miss. 153, 30 Am. Rep. 510; *Louisville, etc., R. Co.* v. *Van Eaton* (Miss.), 14 So. 267; *Moseley* v. *State*, 112 Miss. 854, 73 So. 791; *Gurley* v. *State*, 101 Miss. 190, 57 So. 565.

In matters of argument counsel necessarily must have a wide latitude. His illustrations may be as varied as the resources of his genius; his argumentation as profound as learning and logic can make it. He may give wing to his wit and play to his imagination, so long as he deals with the evidence in the case and the deductions to be drawn from the testimony; but he should never allow himself to imagine facts not in evidence, nor allow his wit to wing him out of the record.

For the errors indicated, the judgment will be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*