## COMMONWEALTH *vs.* JOSEPH KAZULES.

Norfolk.    October 23, 1923. — November 27, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, PIERCE, & JENNEY, JJ.

*Intoxicating Liquor. Evidence,* Competency, Relevancy, Of nationality.
*Witness.*

At the trial of one charged·with the illegal sale of intoxicating liquors and the
maintenance of a liquor nuisance, where it appeared that the defendant
,was of foreign birth, evidence was admitted subject to the defendant's
exception that the premises occupied by him were visited by people who
were not of his race and nationality, and the judge denied a request by the
defendant for an instruction that the jury could not " consider or take into
consideration the race of the persons who called at the home of the defendant
in determining his guilt," and charged the jury that " the evidence intro-
duced by the Commonwealth in regard to the nationality of the persons
who resorted to the premises of the defendant, according to the claim of
the Commonwealth was [that they visited there] not for social purposes,
but for the purpose of purchasing liquor.  If you find that they did not go
there for that purpose, their nationality is of no consequence and you will
disregard entirely the evidence." *Held,* that
    (1) No inference properly could be drawn, because of the difference in
nationality or language, that those who called at the defendant's residence
did so for the purpose of obtaining intoxicating liquors;
    (2) The evidence excepted to was not relevant to the issue sought to be
established;
    (3) The admission of the evidence, the refusal to instruct as requested
and the instruction given constituted harmful error.

TWO COMPLAINTS, received and sworn to on September 13,
1922, in the District Court of Southern Norfolk, one charg-
ing illegal sale of intoxicating liquor on September 8, 1922,
and the other charging a maintenance of a liquor nuisance
from April 13 to September 13, 1922.

On appeal to the Superior Court, the complaints were
tried together before *Thayer,* J.  Material evidence, a request
for instructions, instructions and exceptions saved by the
defendant are described in the opinion.  The defendant
was found guilty and alleged exceptions.

The case was submitted on briefs.

*E. M. Shanley,* for the defendant.

*H. P. Williams*, District Attorney, & *J. W. Keith*, Assistant District Attorney, for the Commonwealth.

JENNEY, J.   In the trial of the defendant in the Superior Court upon two complaints, one charging illegal sale of intoxicating liquors, and the other the maintenance of a liquor nuisance, there was evidence of sale and of conduct indicating guilt.   Evidence was admitted without objection that people went into the defendant's premises and there remained five or ten minutes, that upon coming out some went down the street into bushes and drank from bottles, and that others were under the influence of intoxicating liquor.

The nationality of the defendant is not disclosed by the record, but the briefs state that he is a Lithuanian by birth, and the case is considered on this basis.   This assumption is that most favorable to the Commonwealth.   One witness testified to seeing persons going in and coming out of the premises; in response to the question " Were they Lithuanians? " she answered "There were a few foreigners, mostly Americans."   Other witnesses said that those so seen were " mostly Americans," " Mostly American people."   This evidence was admitted subject to the defendant's exception.   Also, subject to exception, the judge refused to instruct the jury, as requested, that they could not " consider or take into consideration the race of the persons who called at the home of the defendant in determining his guilt," and charged the jury that " the evidence introduced by the Commonwealth in regard to the nationality of the persons who resorted to the premises of the defendant, according to the claim of the Commonwealth was [that they visited there] not for social purposes, but for the purpose of purchasing liquor.   If you find that they did not go there for that purpose, their nationality is of no consequence and you will disregard entirely the evidence."   In effect the jury were instructed that they might consider the nationality of the visitors as relevant to the issue whether they resorted to the premises to purchase liquor rather than for any other illegal or any legitimate purpose.

Evidence is admissible to show that persons resort to a

place in such numbers, at such times, and in such a manner as, when considered in connection with other circumstances, to warrant the conclusion that intoxicating liquors are there sold, even though there is no evidence of their intoxication or of carrying bottles, or other like peculiarities of conduct. *Commonwealth* v. *Finnerty*, 148 Mass. 162. *Commonwealth* v. *Brothers*, 158 Mass. 200. *State* v. *Pratt*, 34 Vt. 323. The case now considered goes far beyond that stated and the evidence was introduced for the purpose of enabling the jury to find wrongful conduct of a particular kind because the defendant had visitors not only unusual in numbers but of a nationality and, presumably, language other than his own.

Evidence of nationality, race, or color cannot be introduced to affect the credibility of individual witnesses. *Shelp* v. *United States*, 26 C. C. A. 570. *United States* v. *Lee Huen*, 118 Fed. Rep. 442, 463. *Skuy* v. *United States*, 261 Fed. Rep. 316. *McDaniel* v. *Monroe Brothers*, 63 S. C. 307. So in arguments to the jury derogatory references to color, creed, or nationality, when not properly dealt with by the judge, have been held reversible error. *Tannehill* v. *State*, 159 Ala. 51. *Moseley* v. *State*, 112 Miss. 854. *Garner* v. *State*, 120 Miss. 744. *Funches* v. *State*, 125 Miss. 140. In an action against an ecclesiastic relating to a church edifice, title to which stands in the defendant's name, it is error to exclude from the jury members of the same faith who are otherwise qualified. *Searle* v. *Roman Catholic Bishop of Springfield*, 203 Mass. 493. No decision upon the question now considered has been found. We are of opinion that the proffered evidence was not relevant to the result sought to be established as no inference could properly be drawn, because of the difference in nationality or language, that those who called at the defendant's residence did so for the purpose of obtaining intoxicating liquors.

The exceptions to the stated refusal to rule and to the instructions actually given must be sustained for the same reason. They cannot be considered as harmless error. The remaining exception is not argued and must be treated as waived.

*Exceptions sustained.*