MARIA ABBATE, as Administratrix, etc., of ROSE ABBATE, Deceased, Appellant, v. GEORGE E. SOLAN and JOHN F. SOLAN, Respondents, Impleaded with MAURICE A. AUERBACH, Defendant.

Second Department, November 13, 1939.

*Harry M. Alfert,* for the appellant.

*Edward M. Fuller [Charles H. Lane* with him on the brief], for the respondents.

PER CURIAM. Action to recover damages for the death of plaintiff's intestate, in which there was a verdict of the jury for respondents.

By questions to plaintiff's witnesses on cross-examination, and by reference to plaintiff's counsel and his associate, counsel for respondents clearly intended to discredit plaintiff and her witnesses with the jury because of their nationality. Even if done in good faith, it was an appeal to prejudice without any foundation therefor and, of itself, requires a reversal of the judgment. (2 Wigmore on Evidence [2d ed.], § 937; *Zobel Co.* v. *Canals,* 188 App. Div. 231;

*Skuy* v. *United States,* 261 Fed. 316; *Commonwealth* v. *Kazules,* 246 Mass. 564; 141 N. E. 584; *Yee Chung* v. *United States,* 243 Fed. 126.) If it were proper, in any event, to show that a witness is prejudiced in favor of a litigant of like nationality, there must be affirmative proof of the prejudice. It may not be left to inference from similarity of nationality. (Wigmore, *supra,* citing *United States* v. *Lee Huen,* 118 Fed. 442.) The fault was not waived by failure to move for a mistrial. ( *N. Y. Central R. R. Co.* v. *Johnson,* 279 U. S. 310; *Regan* v. *Frontier Elevator & Mill Co.,* 211 App. Div. 164.)

The judgment should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

LAZANSKY, P. J., JOHNSTON, ADEL, TAYLOR and CLOSE, JJ., concur.

Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.