MATTHEW DEVERY, Respondent, v. DOMINICK CATELLO et al., Defendants, and VITO LA MORTE, Appellant.— In an action to recover damages for personal injuries sustained by plaintiff, a passenger in appellant's automobile when it was involved in a head-on collision with another automobile on a road eighty feet wide, which accident concededly occurred on appellant's right-hand side of the road, judgment has been entered upon the verdict of a jury in favor of the plaintiff against the appellant, who was operating his automobile, and against the owner and the driver of the other automobile. Appellant appeals from that judgment insofar as it is against him. Insofar as the judgment awards damages and costs to plaintiff against appellant, the judgment is reversed upon the law and the facts, the action against appellant severed, and a new trial thereof granted, with costs to appellant to abide the event. In our opinion it was error requiring reversal for the court, in response to the request by appellant's counsel to charge the jury that there was no proof in the case that appellant's witnesses were " bought and paid for ", to rule " I will leave that to the jury." If the statement that appellant's witnesses were " bought and paid for " was made in the summation by respondent's counsel, as asserted in that request to charge, and not then or now denied, it would require our reversal of the judgment in the interests of justice. The witnesses of whom it is asserted the statement was made testified to material facts which, if believed, discredited much of respondent's proof. (Snitzer v. Goldstein, 277 App. Div. 1012; Gross v. Surface Transp. Corp., 189 Misc. 165, affd. 190 Misc. 989, affd. 274 App. Div. 775; Cohen v. Covelli, 276 App. Div. 375; Cherry Creek Nat. Bank v. Fidelity & Cas. Co., 207 App. Div. 787.) We would not be precluded from protecting a litigant in his right to a fair trial by absence of a motion for mistrial. (New York Central R. R. Co. v. Johnson, 279 U. S. 310, 318; Abbate v. Solan, 257 App. Div. 776; Regan v. Frontier Elevator & Mill Co., 211

App. Div. 164; *Cosselmon* v. *Dunfee,* 172 N. Y. 507.) The refusal to charge as requested, and submission of the matter to the jury upon that request, we consider error prejudicial to appellant's right to a fair trial and to a verdict uninfluenced by matters appealing to passion or prejudice. In any event, we would reverse the judgment insofar as appealed from as against the weight of the credible veidence. (See *Martin* v. *Donahue,* 289 N. Y. 722.) Nolan, P. J., Adel, Sneed and MacCrate, JJ. concur; Wenzel, J., concurs in result.