■ ZONOVIA REYES, as Committee of the Estate of PEDRO REYES, an Incompetent, Respondent, v. ARTHUR TICKLE ENG. WORKS, INC., et al., Appellants.— In an action to recover damages for personal injuries, the appeal is from an order which on reargument granted a motion to set aside the verdict in favor of appellants and for a new trial, on the ground that remarks of appellants' counsel in summing up were prejudicial, and an appeal to racial prejudice. The remarks complained of as recalled by respondent's counsel and the trial court (they were not recorded by the stenographer), were: " This witness Cruz whom the plaintiff called as a witness could not be believed — his testimony is unbelievable — he is not a witness who gave his name to the police — he is a Puerto Rican the same as the plaintiff is and was trying to help him in this case — he probably belonged to the same political club as the plaintiff did." Order modified by striking therefrom the last ordering paragraph and by substituting therefor a provision that upon reargument the original decision is adhered to. As so modified, order affirmed, with costs to appellant; verdict reinstated, and judgment directed to be entered thereon. We regard the remarks complained of not as an appeal to racial prejudice but as fair comment on the testimony of a witness who came from the same place as respondent and who did not, at the time of the accident, inform the police that he had been a witness thereto. Neither counsel nor the court appears to have attached any great weight to these observations until the motion for reargument was made. In view of the overwhelming evidence in support of the unanimous verdict, whatever the intention of appellants' counsel may have been, the remarks could have had no effect thereon. Wenzel, Acting P. J., Murphy and Ughetta, JJ., concur; Beldock and Kleinfeld, JJ., dissent and vote to affirm, with the following memorandum: The trial court found as a fact that the statement quoted by the majority was actually made by appellants' trial counsel during his summing up, at which time it appears that immediate objection was taken by respondent's counsel. To argue before a jury that the testimony of witness Cruz should not be believed because he is of the same nationality as respondent, on whose behalf he gave evidence, is not fair comment, but is a highly prejudicial imputation of racial prejudice deliberately and explicitly made. This court and courts in every jurisdiction

where the question has arisen have consistently held that such an appeal to prejudice requires the setting aside of a verdict, despite the fact that the verdict may have been proper on the facts. (*Abbate* v. *Solan*, 257 App. Div. 776; *Saunders* v. *Champlain Bus Corp.*, 263 App. Div. 683; *United States* v. *Lee Huen*, 118 F. 442, 463; *Commonwealth* v. *Kazules*, 246 Mass. 564; *Skuy* v. *United States*, 261 F. 316; 3 Wigmore on Evidence [3d ed.], § 937; 78 A. L. R. 1438.) An able and experienced Trial Justice, after having presided at, and having been in the atmosphere of, a trial which lasted six days, was of the opinion that the verdict, reached as the result of such an improper appeal, should not be permitted to stand. His determination should not be disturbed.