█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ELMER HEARNS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 16, 1960 after a jury trial, convicting him of robbery in the first degree and of grand larceny in the second degree, and sentencing him, as a second felony offender, to serve a term of 15 to 16 years. Judgment reversed on the law, and a new trial ordered. The questions of fact raised were considered; the findings of fact implicit in the jury's verdict are affirmed. In our opinion, defendant was deprived of a fair trial. The People's evidence in chief consisted of proof that a robbery had been committed by two men and that defendant, during his interrogation by an Assistant District Attorney, had admitted that he had loaned a gun to one of the two men for the purpose of committing the crime. Defendant contended that his alleged admissions were obtained after he had been severely beaten and threatened by police officers. It is undisputed that, in the absence of such alleged admissions, the defendant could not have been convicted. The crucial issue in the case,

therefore, was whether the admissions were coerced or voluntary. With respect to this issue the prosecutor, in his summation, stressed that two of the principal witnesses, namely, a police officer and a correction officer, had testified against the defendant *despite the fact that such officers were of the same color or race as the defendant*. The defendant's objection to such reference to race and color was overruled. In our opinion such a plea to the jury, based on color and race, no matter how artfully phrased, constitutes an appeal to prejudice and passion; it violates every basic concept of fair trial; and it vitiates the resulting judgment of conviction (*Abbate* v. *Solan*, 257 App. Div. 776; *People* v. *Castellano*, 273 App. Div. 978; *Bowen* v. *Mahoney Coal Corp.*, 256 App. Div. 485; *Saunders* v. *Champlain Bus Corp.*, 263 App. Div. 683; *Skuy* v. *United States*, 261 F. 316; *Commonwealth* v. *Kazules*, 246 Mass. 564; *Annotation*, 45 A. L. R. 2d 303; *Zobel Co.* v. *Canals*, 188 App. Div. 231; 3 Wigmore, Evidence [3d ed.], § 937). The vice of such an argument is not only that it is predicated on a false and illogical premise, but more important it is divisive: it seeks to separate the racial origin of witnesses in the minds of the jury, and to encourage the weighing of testimony on the basis of the racial similarity or dissimilarity of witnesses. The argument offends the democratic and logical principle that race, creed or nationality, in themselves, provide no reason for believing or disbelieving a witness' testimony. Hence, any judgment rendered following such offensive argument during summation must be set aside. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.