■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIUS GRAY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered March 4, 1980, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. We have searched the record and thoroughly considered the points raised by counsel and independently by the defendant and have found that none of them has merit. Titone, J. P., Lazer, Mangano and Gibbons, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENWOOD GREEN, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered January 18, 1980, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The sole issue at trial was identification and was dependent upon the testimony of a single witness. In summation, the prosecutor argued that there was no motivation for that witness to lie since "[h]e's a black man. There is nothing racial that could suggest to you that he's picking out Lenwood Green because he's a black man and [the witness] is a white man. He, himself, is a black man." The defendant's objection was overruled. In our opinion, this argument effectively deprived the defendant of a fair trial (see *People v Burris,* 19 AD2d 557, 558; *People v Hearns,* 18 AD2d 922). In *Hearns* (*supra,* p 923), this court explained: "The vice of such an argument is not only that it is predicated on a false and illogical premise, but more important it is divisive: it seeks to separate the racial origin of witnesses in the minds of the jury, and to encourage the weighing of testimony on the basis of the racial similarity or dissimilarity of witnesses. The argument offends the democratic and logical principle that race, creed or nationality, in themselves, provide no reason for believing or disbelieving a witness' testimony. Hence, any judgment rendered following such offensive argument during summation must be set aside." The identification evidence was not so overwhelming as to deem the error harmless (cf. *People v Williams,* 40 AD2d 812; *People v Burris, supra*). In light of our disposition, there is no need to consider the argument that defendant was improperly sentenced as a predicate felon because the court refused to conduct a hearing as to the constitutionality of the prior conviction (see CPL 400.21). We have, however, reviewed defendant's other claims and find them to be without merit. Mollen, P. J., Titone, Weinstein and Brown, JJ., concur.