### JOHN B. MARTIN v. THE STATE.

CRIMINAL LAW. *Argument of counsel. Statement as to character of accused. Effect on verdict.*

M. was indicted for an attempt to commit murder, and was convicted of the charge. The evidence against him was entirely circumstantial. No testimony was offered as to his character. In the argument, counsel for the prosecution was permitted, without interference by the court to say " that the defendant is a man of bad, dangerous, and desperate character, but I am not afraid to denounce the butcher boy, although I may, on returning to my house, find it in ashes over the heads of my defenseless wife and children." *Held*, that this being the unsworn statement of a fact by counsel, which, had it been offered in evidence, would have been incompetent, and being of a character well calculated to influence the jury against the accused, it presents a good ground for the reversal of the judgment and the granting of a new trial.

APPEAL from the Circuit Court of Yazoo County.

HON. T. J. WHARTON, Judge.

John B. Martin was indicted for an attempt to murder one A. H. Heath, by administering, or causing to be administered to him, a dose of strychnine. He was tried and convicted. The evidence was purely circumstantial. Martin was engaged in the butcher business in Yazoo City. No evidence was offered as to the character of the prisoner. On the trial, the assistant prosecuting attorney, in the course of his argument, said, " Martin is a man of bad, desperate, and dangerous character. But I am not afraid to denounce the butcher boy, although I may, on returning to my home, find it in ashes over the heads of my defenseless wife and children." The presiding judge did not interfere to stop counsel. The defendant made a motion for a new trial, on the ground, amongst others, that " The court erred in not interrupting counsel for the State when stating as facts things not in evidence and

against the evidence." His motion was overruled, and he appealed
to this court.

*Williams & Williams* and *Hudson, Hudson & Holt,* for the
appellant.

It will not do to say that these remarks of counsel did no harm.
They did as much harm, considering the high and popular quarter
whence they came, as if a man of good repute and character had
been put on the stand and had sworn them. They did a harm
that nothing but the free, voluntary, and unrequested interference
of the presiding judge could have obviated the evil results of.
Hence, in such cases the court should interfere *suo sponte.* In this
case the judge did not interfere at all.

Counsel should not be allowed in argument to state or comment
on facts not proved. Court should *suo sponte* interfere. *Vide
Perkins* v. *Guy,* 55 Miss. 153, *et seq.*

" Where counsel for State in a capital case so abuses his privilege
in argument, as by misstating facts and commenting on facts not
in evidence, as to induce the belief of probable injustice as a result,
the circuit court should interfere, and if it do not, then this court
will reverse, although it is a delicate duty, and much discretion
will be allowed circuit judge." *Cavanah* v. *State,* 56 Miss. 299.
In this case there can be no question of " probable " injustice ; the
injustice was *ex necessitate rei,* a *necessary* result ; and there can be
but little doubt that the main element in the conviction of appellant
was the unsworn testimony of counsel as to his character, un-
checked by the court.

*R. S. Holt* and *John S. Williams,* of counsel for the appellant,
argued the case orally.

*T. M. Miller,* Attorney General, for the State.

Complaint is made that associate counsel for the prosecution in
his argument to the jury spoke of the defendant as a bold, desperate
man, etc. It is merely stated in the bill of exceptions that the
remark was made and no objection taken to it. The court was not
asked to call the counsel to order. Again, it would be impossible
for this court to predicate prejudice of a strong remark of counsel,
even in the nature of testimony, unless the whole speech or the

drift of it were set out, or enough made to appear to negative proper modification. It may be presumed that the opinion of defendant was made to depend on the view the counsel took of the evidence. Roscoe on Cr. Ev. 24, note 1.

The idea that the statement complained of was not made as the counsel's own deduction from the evidence should have been clearly negatived to enable the court to say that it was outside the scope of argument, and so injured the accused. I submit that no subject should be dealt with in an appellate court with greater caution than this.

The *Attorney General* also made an oral argument.

ARNOLD, J., delivered the opinion of the court.

The testimony was entirely circumstantial, and the slightest influence may have been deemed sufficient to turn the scales of impartial judgment one way or the other as to the guilt or innocence of the accused. In the argument to the jury, one of the counsel for the prosecution, not the district attorney, said to the jury, " Martin, the defendant, is a man of bad, dangerous, and desperate character, but I am not afraid to denounce the butcher boy, although I may, on returning to my home, find it in ashes over the heads of my defenseless wife and children."

This was an assumption or declaration of facts as to the character of the prisoner made by counsel without being sworn or examined as a witness, and of a nature well calculated to influence the jury against the prisoner. The general character of the prisoner had not been put in issue. If evidence had been offered by the prosecution to prove that his character was such as that attributed to him by counsel, it would, upon the plainest principles of law, have been rejected as incompetent. The prisoner was on trial for a specific offense, and it was his right under the law to be tried for that offense, upon competent evidence confined to that issue.

We are of opinion that the counsel for the prosecution, in the matter above quoted, passed the bounds of legitimate advocacy, and that, under the circumstances of the case, the prisoner may have been, and probably was, thereby injured. Such declarations

uttered by distinguished counsel, of high moral and social standing, in any case, would inevitably tend to prejudice the jury against the prisoner.

A jury trial should be conducted according to the law of the land, and the verdict of the jury should in all cases be a true response to the issue joined, according to the law and the evidence. It is among the highest of judicial functions to see that the law is impartially administered and to guard the jury box as far as possible from unlawful influences.

Much latitude is accorded to the discussion of counsel in performing the important duties which they owe to clients and to public justice. In its proper sphere the argument of counsel to the jury is subject to no censorship or restriction by the court, but it should never be permitted to degenerate into wanton abuse or unauthorized license. Within the limits of the testimony the argument of counsel is and should be free, but that freedom does not extend either to the statement or the assumption of facts, or to commenting upon facts not in evidence, to the prejudice of the adverse party. *Perkins* v. *Guy,* 55 Miss. 153; *Cavanah* v. *State,* 56 Ib. 299; *Cross* v. *State,* 68 Ala. 476; *Wolffe* v. *Minnis,* 74 Ib. 386; *State* v. *Smith,* 75 N. C. 306; Proffatt on Jury Trials, § 250.

Being counsel and witness in the same cause is not prohibited by law if counsel chooses to testify, but such a union of offices is permissible and tolerable only where counsel is sworn and examined like other witnesses.

It may sometimes be a difficult and delicate duty for the court to confine counsel to legitimate argument, but this is no reason why it should not be done when necessary to prevent the perversion of law and justice. Like other difficult and delicate duties, it should not be shunned or disregarded by those upon whom it is imposed. Justice should not be sacrificed on mere sentiments of delicacy. No human being should be stamped with the marks and brands of a felon out of deference to privileges claimed and asserted against him, which in fact do not exist in law.

It is the duty of the presiding judge, as said in *Perkins* v. *Guy* and *Cavanah* v. *State, supra,* to interfere of his own motion to

prevent a breach of the privilege of counsel, and if he fails to do so and the abuse of privilege is of such character as to produce the conviction that injustice resulted therefrom, the duty of this court is to apply the corrective by awarding a new trial.

*The other errors assigned are not sustained, but for that committed in the argument of counsel the judgment is reversed.*