STATE OF MISSISSIPPI *v.* DUNBAR IRELAND.

| 89 | 763 |
|----|-----|
| f90 | 58 |

[42 South. Rep., 797.]

1. CRIMINAL LAW. *Code* 1906, § 40. *Appeal by state. Exclusion of evidence. Directing verdict of acquittal.*

　The state is not given an appeal by Code 1906, § 40, providing for appeals by the state in criminal causes in designated states of case, from a judgment of acquittal predicated of a peremptory instruction for defendant, but is given one from rulings of the trial court in admitting testimony of a previous conviction, in the absence of a plea setting it up as a defense, and in admitting parol proof of proceedings in a justice's court.

2. SAME. *Former jeopardy. Plea. Evidence.*

　Testimony of a previous conviction is inadmissible in a criminal prosecution, in the absence of a plea setting it up as a defense.

3. SAME. *Record of justice's court.*

　In a criminal prosecution parol testimony is inadmissible to prove the proceedings of a justice of the peace court, and the justice of the peace cannot testify touching such proceedings without producing the records of his court.

FROM the circuit court of Adams county.

HON. MOYSE H. WILKINSON, Judge.

Ireland, the appellee, was indicted and tried for an assault and battery with intent to kill. After the state had closed its case, the trial court sustained defendant's motion to exclude the evidence, and directed a verdict of acquittal. The state appealed to the supreme court.

Defendant's only plea to the indictment was not guilty. The testimony showed that one Johnson and several others were returning home at night in a wagon from the Madri Gras festivities at Natchez, when the appellee and another drove up behind them, and requested to be allowed to pass. As appellee passed, he fired his pistol, presumably at random, the ball striking Johnson, fracturing his arm. There was no evidence

of malice, Johnson testifying that he and the appellee were on friendly terms at the time, and that appellee was trying to shoot over the wagon.

The state introduced as a witness one Lazarus, a justice of the peace of the county, before whom defendant had been tried on a charge of assault and battery predicated of the same shooting, and, without the production of his court record, proved that defendant had pleaded guilty to a charge of assault and battery before his court. On cross-examination the appellant was allowed to prove by the witness, over the objection of the state, that he had been fined $100 and costs, and had paid the same. The state having rested its case, the appellee moved the trial court to exclude the evidence and direct the jury to find a verdict in appellee's favor, "because no malice was shown upon the part of appellee, and because the appellee had already been tried and convicted of an assault and battery," and the motion was sustained.

*R. V. Fletcher,* assistant attorney-general, for appellant.

The appellee, Ireland, was indicted for assault and battery with intent to kill. The proof shows that one dark night thirteen negroes were riding along the highway in a wagon. Appellee and another person drove up behind the wagon, and as they passed it, Ireland fired his pistol and wounded Johnson in the arm. It was shown that Ireland had pleaded guilty in the court of a justice of the peace to an assault and battery, and had paid a fine of $100. At the close of the state's testimony the circuit court sustained appellee's motion to exclude the evidence as being insufficient to support a verdict, on the ground that no malice was shown, and that there could be no intent to kill, and for the further reason that appellee could not be convicted of assault and battery because he had been formerly convicted of this offense in a court of competent jurisdiction.

The state has prosecuted this appeal under Code·1906, § 40. I think it my duty to say that some doubt exists as to whether, on one question raised, this court can entertain an appeal of this nature on the facts set forth in the record. *State v. Willingham,* 86 Miss., 203 (s.c., 38 South. Rep., 334).

Assuming that the appeal will·be considered, it is respectfully submitted that the lower court's judgment was at fault in holding that there was not sufficient proof to sustain a verdict. Appellee offered no explanation of his conduct, and on the facts disclosed by the record, he was confronted by two presumptions, which he should have removed: (1) that every man contemplates the natural and probable consequences of his own act, and (2) that malice is to be presumed by the use of a deadly weapon. Yet the learned trial court ignored these time-honored presumptions, and without a word of explanation from appellee, holds him not guilty.

It was error to direct a verdict of not guilty as to assault and battery upon the showing made. There was no plea of *autrefois convict.* And the defense of former conviction was one that cannot be made under the plea of not guilty. Former conviction must be pleaded specially. 9 Ency. Pl. & Pr., 631, and authorities cited. *Ball* v. *State,* 67 Miss., 358 (s.c., 7 South. Rep., 353).

Had appellee desired to avail himself in legal manner of the former judgment of conviction, he should have pleaded specially, before trial on the general issue.

There was no competent evidence offered as to the former conviction. Over the objection of the state the court permitted the justice of the peace, Lazarus, without producing his docket or the judgment of conviction, to testify concerning the facts of the former conviction. This was not the legal way to prove a former conviction. Hence there was no evidence of the former conviction upon which the court below could base its ruling.

CALHOON, J., delivered the opinion of the court.

On the action of the circuit court instructing a verdict for the defendant because the evidence did not support the charge no appeal lies. *State* v. *Willingham,* 86 Miss., 203 (s.c., 38 South. Rep., 334).

It was error to admit testimony of previous conviction, in the absence of a plea setting it up as a defense. It was also error to admit parol proof of the proceedings in the court of the justice of the peace.

*On these two matters the appeal is proper, and as to these the ruling below was erroneous.*