BUFKIN v. STATE.

(Division B. Dec. 10, 1923, Suggestion of Error Overruled

Jan. 14, 1924.)

[98 South. 455. No. 23678.]

1. CRIMINAL LAW. *Counsel's statement in argument as to facts not
    proven not ground for reversal, where objection sustained and
    jury admonished.*

    In the trial of cases in the courts it is error for counsel to state
    facts, or what purports to be facts which are not proven in the
    case, but, if objection be made to such argument and such ob-
    jection sustained by the court, and the jury instructed by the
    court not to consider same, the court will not reverse for such
    argument except in extreme cases.

2. CRIMINAL LAW. *Prosecuting attorney may comment on interest of
    defendant as witness in his own behalf; counsel in argument
    may comment on testimony and interest of named witnesses re-
    ferred; court cannot single out testimony of certain witnesses
    in instructions.*

    It is not error for the prosecuting attorney to comment on the
    interest a defendant has in the result of the case, where the de-

fendant testifies as a witness in his own behalf. It is the privilege of counsel to comment on the testimony and interest of any witness testifying in the case. While the court cannot single out the testimony of particular witnesses by instruction, the same rule is not applicable to the attorneys arguing the case, and such attorney may refer to witnesses by name and comment on their interest, bias, etc.

3.  CRIMINAL LAW. *Former jeopardy to be available must be pleaded; supreme court will not look to another record for former acquittal or conviction; supreme court will not go outside of record to ascertain facts.*

   In prosecutions for the sale or giving away of intoxicating liquors, in order for the defendant to avail himself of the benefit of former conviction or acquittal under the provisions of section 1762, Code of 1906 (section 2098, Hemingway's Code), he must plead the facts entitling him thereto; and where no such plea is filed and no evidence offered in the court below to show same this court will not and cannot look to another record in another cause pending in this court to see if such was the fact. This court will not go outside the record before it to find the facts of the case.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

D. P. Bufkin was convicted of selling intoxicating liquors, and he appeals. Affirmed.

*Davis & Hill,* for appellant.

The witnesses against appellant were Dempsey and Mathews, two vocational students at the Mississippi Normal College, situated in the city of Hattiesburg, who testified that they bought a quart of whisky from appellant at his home in the country, eight or nine miles from Hattiesburg on the night of April 14, 1923. They testified this was the first time they had ever seen appellant to know him.

The appellant was the sole and only witness in his behalf; he denied that he knew the witnesses, or had ever seen them until the case came up in court, and denied

positively that he had ever sold whisky to them on the date in question or at any other time. The witnesses themselves were never prosecuted for having whisky in their possession.

The only ground relied on for reversal is the improper argument of the county attorney, shown in the special bill of exceptions. Said improper argument was as follows: "Some member of this jury has asked me how these Normal students knew to go to the defendant's home to buy whisky. I'll answer that, gentlemen—all you have to do is to go down the streets of Hattiesburg and any man will tell you that you can buy whisky from D. P. Bufkin."

Counsel for defendant then and there objected to said argument and moved the court to instruct the jury to disregard said remarks, whereupon the court sustained the objection on the ground that it was improper and instructed the jury to disregard it. Later on in his argument the county attorney made further improper argument as follows: that the jury should believe the state's witnesses in preference to the defendant for the reason that he was more vitally interested in the result of the case than the state's witnesses; that he had a direct, personal interest in the case in that he would be sent to prison if convicted, to all which argument counsel for appellant duly objected and excepted, but no action whatever was taken by the court with reference thereto, except to authorize us to prepare our exception.

This court recently held in a civil case that where it was apparent the improper remarks of counsel must have had its effect on the jury, the case would be reversed for a new trial, notwithstanding the trial judge's admonition to the jury to disregard same. *Newman Lumber Company* v. *Norris,* 94 So. 881; See also *Harwell* v. *State,* 93 So. 366, citing *Martin* v. *State,* 63 Miss. 505. The courts should be more zealous in criminal than in civil cases to see that the accused obtains a fair trial. There was absolutely no testimony whatever in the record to support the im-

proper argument, and we doubt if a case can be produced wherein the rights of one on trial were more viciously and deliberately trampled under foot than in this case.

The improper argument of counsel was so highly prejudicial in both instances as to deny appellant that fair and impartial trial which was guaranteed to him, and constitutes reversible error. *Smith* v. *State,* 43 So. 465; *Harwell et al.* v. *State,* 93 So. 366.

*H. T. Odom,* Assistant Attorney-General, for the state.

Counsel hopes to reverse this case because of alleged improper argument on the part of the county prosecuting attorney, as shown by special bill of exceptions appearing at page 10 of the record, which is as follows: ·

"Special Bill of Exceptions. Be it remembered that the above-styled cause came on for hearing at the April, 1923, term of said court, and on the—day of June, 1923; that the state was represented by Hon. Jeff Collins, district attorney, and Hon. Forrest M. Morris, County Attorney, and that defendant was represented by the firm of Davis and Hill; that Forrest M. Morris made the opening argument to the jury for the state, and made the following statement in his said argument; 'Some member of the jury has asked me how these Normal students knew to go to the defendant's home to buy whisky. I'll answer that, gentlemen—all you have to do is to go down the streets of Hattiesburg and any man will tell you that you can buy whisky from D. P. Bufkin.' Counsel for defendant then and there objected to said argument and moved the court to instruct the jury to disregard said remarks, whereupon the court replied: 'Don't consider that, gentlemen of the jury. That is . . . The objection is sustained.' Whereupon the argument proceeded by the county attorney. The county attorney also argued to the jury that they should believe the state's witnesses in pre-

ference to the defendant for the reason that he, the defendant, was more vitally interested in the result of the case than the State's witnesses; that he had a direct personal interest in the case in that he would be sent to prison if convicted, to all of which argument defendant's counsel then and there objected and excepted. And the above having been this day presented to the undersigned judge of the twelfth judicial circuit court district who presided at the trial of said cause as a special bill of exceptions for defendant is this day signed by me as such special bill of exceptions, to become a part of the record on appeal. This June 15, 1923.

> "Robert S. Hall, Presiding Judge."

The state admits that there is nothing of record that justifies the first statement appearing in the foregoing bill of exceptions. The county attorney should not have made this statement to the jury. But the special bill of exceptions shows that upon objection by the defendant's counsel the court instructed the jury not to consider the remark and sustained the objection. This is all that could have been done by the trial judge, and we must assume that the jury followed the instruction of the court and disregarded the remark. The evidence for the state was amply sufficient to support a conviction, and the defendant would probably have been convicted if no argument had been made by counsel.

On the next proposition complaining as to the prosecuting attorney's comment on the testimony of the defendant, I respectfully submit that this portion of counsel's argument was entirely proper. Of course if appellant had not taken the stand under the cases cited, it would have been fatal error for counsel for the state to have commented on this fact, but after electing to take the stand the defendant's testimony is subject to the same rules as the evidence of any other witness.

Etheridge, J., delivered the opinion of the court.

Appellant was convicted for selling intoxicating liquors, and appeals from said conviction.

The alleged sales were made to Dempsey and Matthews, two vocational students at the Mississippi Normal College, who testified that they bought a quart of whisky from the appellant at his home in the country eight or nine miles from Hattiesburg, Miss., on the night of April 14, 1923; that this was the first time that they had ever seen the appellant to know him.

The appellant was the sole and only witness in his behalf and denied that he knew the witnesses or had ever seen them until the case came up in court. And denied that he ever sold whisky to them.

It appears that during the progress of the trial one of the jurors asked how these Normal students knew to go to the defendant's home to buy whisky. In the argument of the county prosecuting attorney he said:

"Some member of the jury has asked me how these Normal students knew to go to the defendant's home to buy whisky. I'll answer that, gentlemen—all you have to do is to go down the streets of Hattiesburg, and any man will tell you that you can buy whisky from D. P. Bufkin."

The defendant objected and excepted to the said argument, and moved the court to disregard the said remarks, whereupon the court said: "Don't consider that, gentlemen of the jury. The objection is sustained."

It is contended by the appellant that this argument, notwithstanding the instruction of the judge to the jury to disregard it, was reversible error, and cites *Newman Lbr. Co.* v. *Norris,* 130 Miss. 751, 54 So. 881; *Harwell* v. *State,* 129 Miss. 858, 93 So. 366; and *Martin* v. *State,* 63 Miss. 505, 56 Am. Rep. 813.

In the first case (*Newman Lbr. Co.* v. *Norris,* 130 Miss. 751, 94 So. 881), the statement of counsel was: "Who is the J. J. Newman Lumber Company? It is a corporation.

It has taken your land. It has taken your timber. It has taken your homes."

On objection being made thereto, the court admonished counsel "to stay in the record." It did not instruct the jury to disregard this remark. The court was careful to say of this, connected with other assignments of error:

"We would not be understood as holding that the giving of such an instruction would be reversible error in any and all cases, nor that such misconduct of counsel in the argument would be reversible error in any and all cases, or that either one without the other would be sufficient to reverse this case."

In the case of *Harwell* v. *State,* 129 Miss. 858, 93 So. 366, the case was reversed, but the statement was construed to be a comment on the failure of the defendant to take the stand.

In the case of *Martin* v. *State,* 63 Miss. 505, 56 Am. Rep. 813, the statement was: "The defendant is a man of bad, dangerous, and desperate character, but I am not afraid to denounce the butcher boy, although I may, on returning to my home, find it in ashes over the heads of my defenseless wife and children."

And the cause was reversed for the use of such language.

In that case the court said: "It may sometimes be a difficult and delicate duty for the court to confine counsel to legitimate argument, but this is no reason why it should not be done when necessary, to prevent the perversion of law and justice. Like other difficult and delicate duties, it should not be shunned or disregarded by those upon whom it is imposed. Justice should not be sacrificed on mere sentiments of delicacy. No human being should be stamped with the marks and brands of a felon out of deference to privileges claimed and asserted against him, which in fact do not exist in law."

There was no exception, and the judge in that case was not called upon, but this court held that it was the duty

of the judge of his own motion to intervene in such cases.

The rule was however, modified in *Cartwright* v. *State,* 71 Miss. 824, 14 So. 526, in which the rule was laid down that exception must be taken at the time, and it was also said that improper or unwarranted remarks by the prosecuting attorney, not amounting to an extreme and intolerable abuse of the privilege of advocacy, will not cause a reversal of a verdict of guilty. And later the same rule was announced in *Powers* v. *State,* 83 Miss. 691, 36 So. 6.

It is difficult to draw the line in some cases when a case will and will not be reversed for improper argument. Where the judge instructs the jury to disregard the argument and sustains the objection thereto, it will be presumed ordinarily that the jury disregarded the argument, and the cause will not be reversed. There are arguments, however, which will cause reversal, notwithstanding the objection has been sustained, and the jury instructed to disregard it. But this will only be applied in extreme cases.

In *Perkins* v. *Guy,* 55 Miss. 153, 30 Am. Rep. 510, the court held that counsel should not be permitted in argument to the jury to state or comment on facts not proven, and the judge on his own motion should interpose and correct such irregularity, and if he does this in a case a new trial will not be granted because of such statements and comments made by counsel of prevailing party.

In *Railroad Co.* v. *Carpenter,* 104 Miss. 706, 61 So. 693, Ann. Cas. 1916a, 829, counsel for the plaintiff in his argument made the following statement:

"If a statement was made by a railroad man as to how and where an injury happened, every railroad man from Mobile to St. Louis would swear it to be exactly that way. If one of them would say a spike was driven in the third tie on a trestle, every railroad man would swear it was that way. If one of them would swear a man was hurt

by a certain post, every railroad man would swear it was that way."

Which argument was assigned for error in that case. Responding to this assignment, the court said: "We do not approve of the language used by appellee's attorney in the closing argument to the jury shown in the special bill of exceptions, but we do not believe that the trial court's failure to sustain the exception to such argument amounts to a reversible error."

It is highly improper for an attorney in his argument to state facts not proven, or a statement of facts purporting to be, which are not proven, but if the judge promptly instructs the jury to disregard such comment we will assume that the jury obeyed the judge's instruction and did not regard it, unless it affirmatively appears from the record to the contrary, or unless the statement is of such extreme prejudicial nature as to convince the court that it probably affected the result.

It is the duty of counsel representing the public in prosecuting to observe the law himself. The rights of the defendant are no less sacred than the rights of the public, and it is to be hoped that the admonitions of this court in the numerous cases in our reports will be studied and observed by all counsel undertaking to represent the public in such cases. The error complained of is not sufficient in our judgment to cause a reversal of the case.

It is next argued that the prosecuting attorney commented upon the evidence of the defendant, and stated to the jury that the appellant's interest in the result of the trial was greater than the state's witnesses; that he had a direct personal interest in the case, in that he would be sent to prison if convicted. To which argument exception was taken, but the court refused to sustain objection to this. We think it is within the privileges of the attorneys to comment upon the evidence. The very purpose of argument is to suggest conclusions that may be drawn from the evidence, which might not occur to the

jury without argument, and, while the court cannot single out the defendant's evidence by instruction and comment thereon, this does not apply to the attorneys in the case. They have the privilege of commenting on the evidence and drawing inferences or deductions therefrom, and may refer to the witnesses by name. And in our opinion no error was committed in making said argument.

It is said also that we should reverse the case because one of the witnesses testified to two sales, one on the 14th. and the other on the 21st, and that the defendant had been tried upon the other sale on the 21st, and in that trial evidence of both sales was introduced, and that the other cause is now pending in this court, being case No. 23681. 98 So. 455. There was no plea of former jeopardy interposed in this record, and no proof introduced to show any other conviction or acquittal. And in order to avail of former jeopardy it must be pleaded. *Ball* v. *State,* 67 Miss. 358, 7 So. 353; *Logan* v. *State* (Miss.), 40 So. 323; *State* v. *Ireland,* 89 Miss. 763, 42 So. 797; *Miazza* v. *State,* 36 Miss. 613; 2 Morris' State Cases, 1205. We have no knowledge of a judicial nature of anything outside of the record in this case that may have occurred, and can have none except from the record. We will not and cannot look to other cases pending in this court to supplement the record before us, unless in cases provided by law as the record on a former appeal in the same cause.

The judgment will therefore be affirmed.

*Affirmed.*