REYNOLDS v. STATE.[*]

(Division B.   Oct. 13, 1924.)

[101 So. 485.   No. 24144.]

1. INTOXICATING LIQUORS. *Justice of peace may issue search warrant for execution in any part of county; search warrant made returnable to issuing justice in district other than where search made does not render it void.*

Under section 2088, Hemingway's Code (chapter 115, Laws of 1908, a justice of the peace has jurisdiction to issue a search warrant to be executed in any part of the county. It should be made returnable before a justice of the peace of the district where the search is to be made, but an error in making it returnable to himself in a district other than where the search is made does not render the warrant void. *Bufkin* v. *State* (Miss.), 98 So. 452, cited.

2. Criminal Law. *Intoxicating liquors. Seizure of still under warrant to search premises for intoxicating liquors, held lawful; testimony of officers, seizing still under warrant for search of premises for liquors, to such fact admissible.*

Where officers procured a search warrant to search the premises of a named person for intoxicating liquors, and obtain entrance into the house on such search warrant, and find in said house a still or the integral parts thereof, which it is unlawful to possess, under chapter 211, Laws of 1922, the officers may seize the same and deal therewith as provided by law. The officers, being lawfully in the house, are not wrongdoers or trespassers, and they may testify to such facts; it being lawful to seize such contraband articles.

3. Criminal Law. *Witness having knowledge of use of stills may testify as to use of particular still, to negative lawful use.*

A witness, in a prosecution for having possession of a still, under the provisions of chapter 211, Laws of 1922, who has knowledge of the use of stills may testify as to what a particular still was used for, so as to negative a lawful use of a still under said act.

4. Criminal Law. *Accused cannot show indictment of another person for same offense.*

In a trial for a criminal offense, it is not competent for the defendant to show that another person is also indicted for the same offense.

5. Intoxicating Liquors. *Evidence held to sustain conviction for unlawful possession of still.*

In a prosecution for the unlawful possession of a still, under chapter 211, Laws of 1922, where the evidence showed that a barrel of mash from three to seven days old was in the house of the defendant and had been there for several days, and that a still was in the house and had been used in making whisky, and that the defendant was at home the morning preceding the seizure at night, all of said articles being in the house so that they could easily be seen, the evidence is sufficient to convict, even though the wife of defendant testifies that she owned a part of the property found, but denied that all of the property seized was in the house or was seized at all by the officers.

6. Criminal Law. *Refusal of correct instructions not erroneous, if law of case fully given in instructions for both state and accused.*

In a criminal prosecution, it is not error to refuse an instruction, even though it may be correct, if the law has already been given

in other instructions given the defendant, and especially if the law applicable to the case has been fully announced in the instructions given both the state and the defendant.

---

*Headnotes 1. Intoxicating Loquors, 33 C. J., sections 375, 378 (1926 Anno); 2. Intoxicating Liquors, 33 C. J., section 383 (1926 Anno); Criminal Law, 16 C. J., section 1110 (1926 Anno); 3. Criminal Law, 16 C. J., section 1542 (1926 Anno); 4. Criminal Law, 16 C. J., section 1085; 5. Intoxicating Liquors, 33 C. J., section 502; 6. Criminal Law, 16 C. J., section 2506.

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

Paul Reynolds was convicted of unlawful possession of a still, and he appeals. Affirmed.

*Gardner, Odom & Gardner,* for appellant.

I. *Plea of former jeopardy.* As to the plea of former jeopardy, the procedure of the district attorney should not be sanctioned by this court. Here, the state confessed the former indictment, trial, conviction and sentence of the appellant to one year in the penitentiary for the same offense, and further that said conviction was in effect when the appellant's plea of former jeopardy was filed. Then at this stage of the trial the court granted a new trial on the old indictment, whereupon the district attorney entered a *nolle prosequi* to the former indictment upon the theory that said former indictment and conviction were void, because said indictment did not negative the exceptions set out in chapter 211, Laws of 1922. There are at least two valid reasons why the state's answer was insufficient in our judgment.

The answer shows affirmatively that the lower court did not enter a *nolle prosequi* to the former indictment, hence the former indictment is still pending. The answer states that the district attorney himself did this. Again, since the state by its district attorney confessed the former plea of jeopardy and attempted to avoid its effect

by showing that the former conviction was had under a void indictment, the burden of proof was upon the state to show the facts alleged in its answer by way of avoidance. This it did not do because no proof at all was introduced and the answer was no proof since it was traversed by appellant's motion made under oath. Having failed to meet this burden, the motion to strike should have been sustained and likewise the plea of former jeopardy.

II. *Evidence incompetent.* The evidence upon which the state relied for a conviction was incompetent and should have been excluded because the search was without authority of law and in violation of section twenty-three of our state constitution for numerous reasons, as follows:

1. It does not appear that a proper affidavit was made upon which a valid search warrant could issue. Such affidavit was essential.

2. The return of the search warrant showed affirmatively that same was not served on the appellant personally and does not state "that appellant was not found in the county."

In chapter 58 of Hemingway's Code, on Process, by section 2933 thereof, three methods only are provided for service of process. The statute is plain and cannot be misunderstood. The provisions are clearly mandatory. *Glen* v. *Wragg,* 41 Miss. 654. This mandate of the law has been ignored and the search was made without legal authority.

3. A. W. Evans, a justice of the peace of supervisor's district No. 3, had no authority to issue a search warrant to search in another supervisor's district and to make the same returnable before him. Specific objection was made to the search warrant on this ground when the state offered the same in evidence. Our position seems to be sustained in *Falkner* v. *State,* 98 So. 345.

4. Again, no lawful search warrant can issue for the search of the integral parts of a still in this state. No machinery has been provided in such cases. The constitution only warrants legislation to provide for searches and seizures within certain limitations and without express legislation on the subject no search or seizure could be made. Thus far, our lawmakers have only authorized searches and seizures in the following cases: (a) Cocaine, section 623, Hemingway's Code; (b) Stolen Goods, sections 1303 and 1332, Hemingway's Code; (c) Intoxicating liquors, being kept or offered for sale or barter or sold or bartered or that they are being kept to be given away or are being given away to induce trade. Section 2088, Hemingway's Code.

It will probably be contended, however, that the search and seizure for the integral parts of a still are authorized by section 5 of chapter 189, Laws of 1918. But in this view we are not prepared to agree because the only foundation for such a claim is found in the clause "and may be searched for and seized under the laws of this state." What laws? Certainly not those relating to cocaine or stolen goods, and section 2088 of Hemingway's Code, authorizing the search for intoxicating liquors would not fit where a search was to be made for the integral parts of a still. Section 2088, Hemingway's Code, is specific as to what may be searched for thereunder, namely, intoxicating liquors. By no stretch of imagination could the integral parts of a still be read into this section.

Our court has held uniformly that statutes authorizing searches and seizures must be strictly construed against the state. *Turner* v. *State* (Miss.), 98 So. 240; *Livelar* v. *State,* 98 Miss. 330, 53 So. 681. The legislature agreed with us in this view because at its 1924 session, chapter 244, Laws of 1924, in the law, was remedied and section 2088 of Hemingway's Code, was amended so as to authorize a search for and seizure of the integral parts of a still.

III. There was manifest error in the admission of evidence over appellant's objection. Mere expressions of the opinion of the witness calculated to prejudice appellant's rights were admitted. In both instances the witness should only have been allowed to state the facts and not give his opinion, because it is for the jury alone to draw conclusions from the facts in evidence. *Johns v. State,* 95 So. 84; *Cumberland Telephone Co.* v. *State,* 110 Miss. 521, 70 So. 695; *Herring* v. *State,* 122 Miss. 647, 84 So. 699; *Pearson* v. *State,* 97 Miss. 841, 53 So. 689.

IV. It was error for the court to refuse to permit the appellant to show that his wife had also been indicted for the same offense. She contended that all of the articles found by the officers, which she admitted were found, belonged to her. This right was denied the appellant. Anyhow, this was material and important, since under the state's theory, the still belonged to appellant, when appellant contended that what the officers found belonged to his wife.

V. The proof offered is insufficient to support the verdict. At most, the testimony in this case only raises a presumption of guilt. No positive evidence was offered to show that appellant knowingly had the still in his possession. The statutes denouncing the crime especially require that the possession be known to the accused. If the state's testimony raised any presumption of guilt, this was offset, we submit, by the legal presumption of innocence.

In addition to this, appellant's wife took the stand and testified positively that the articles found by officers belonged to her and not the appellant. If any crime was committed under the wife's confession she was the guilty party and not the appellant. When we bear in mind that the state's case rests solely upon circumstantial evidence and then reflect as to the character of the circumstances shown, we readily see that two reasonable theories arise

in this case.   Under the testimony in this case, we respectfully invoke and confidently rely for a reversal on the rule established by a long list of cases in this state, holding in substance that circumstantial evidence is never sufficient unless it proves guilt beyond a reasonable doubt and to the actual exclusion of every other reasonable hypothesis.   *Algeri* v. *State,* 25 Miss. 584; *Caleb* v. *State,* 39 Miss. 721; *Pitts* v. *State,* 43 Miss. 472; *James* v. *State,* 45 Miss. 572; *Webb* v. *State,* 73 Miss. 461, 19 So. 238; *Haywood* v. *State,* 90 Miss. 461, 43 So. 614; *Williams* v. *State,* 99 Miss. 453, 54 So. 949; Ann. Cas. 1913E, 426; *Miller* v. *State,* 99 Miss. 226, 54 So. 838; *Irving* v. *State,* 101 Miss. 283, 57 So. 913; *Byrd* v. *Hazlehurst,* 101 Miss. 57, 57 So. 360; *Simmons* v. *State,* 106 Miss. 732, 64 So. 721; *Hogan v. State* (Miss.), 90 So. 99; *Sorrels* v. *State* (Miss.), 94 So. 209.

*F. S. Harmon,* Assistant Attorney-General, for the state.

I.   The plea of former jeopardy was properly overruled.   Appellant was indicted, tried, convicted and sentenced to one year in the penitentiary for the same offense at a prior term of the circuit court, but a motion for a new trial made by appellant's counsel was still pending and undisposed of.   The indictment under which this former conviction was secured, was void because it did not negative the exceptions set out in chapter 211, Laws of 1922.   Realizing this fact, the district attorney had appellant re-indicted at this term of court.   Appellant counsel then answers this second indictment by interposing a plea of former jeopardy setting up the fact of former indictment, trial, conviction, and sentence. With this plea of former jeopardy filed and before any testimony whatever was taken in this case, and before the record shows that the jury had ever been empanelled, the court announced that the motion for a new trial in

the former cause was sustained. Immediately thereafter, the district attorney had a *nolle prosequi* entered in said former cause. Thereafter, the jury was empanelled, evidence introduced and a conviction had under this new indictment.

All that is necessary is that the court's permission be obtained when a case is *nolle prossed*. The replication of the district attorney states that the indictment was *nolle prossed by the state* and since the motion of appellant to strike out the state's answer to the defendant's special plea, did not set up any irregularity in the *nolle prosequi* of the former indictment said motion was properly overruled and defendant should not now be allowed to complain. See section 1293, Hemingway's Code. As a matter of fact said section provides that ''a district attorney shall not compromise any cause or enter a *nolle prosequi,* either before or after indictment is found without consent of the court . . .,'' thus showing that the district attorney does in fact enter the *nolle prosequi,* and since he alleges in his answer that the *nolle prosequi* was entered by the state, this is sufficient allegation to the effect that it was entered in the manner authorized by law, that is to say—with consent of the court.

On the more fundamental contention advanced by appellant, to the effect that the special plea of former jeopardy was good, the attention of the court is called to the fact that the former proceeding was not at an end, the motion for a new trial still being pending and undisposed of. 16 C. J. 263, section 442; *Phillips* v. *State,* 164 S. W. (Texas) 1007; *Maines* v. *State,* 40 S. W. (Texas) 490.

Section 22 of the Mississippi Constitution expressly provides that before a person shall be considered to have been once in jeopardy so as to bar another prosecution, there must be ''an actual acquittal or conviction on the merits.''

This court has held that this section means exactly what it says, and since the motion for a new trial had not been disposed of, there had not been an actual acquittal or conviction on the merits under the former indictment. Again the former indictment was utterly void and, this being true, appellant had not been under jeopardy at all. 16 C. J. 242, sec. 378; *Kohlheimer* v. *State,* 39 Miss. 548; *Munford* v. *State,* 39 Miss. 558.

II. *The state's evidence was competent since the search warrant and the action taken thereunder was proper.* Counsel argues first that it does not affirmatively appear that there was a valid affidavit upon which a valid search warrant could issue. And yet, the search warrant itself, filed as Exhibit No. 1 to Mr. Vardaman's testimony, begins with the statement, "Oath having been made before the undersigned justice of the peace, etc." The warrant itself then, shows that it was based upon an affidavit. Again, no specific objection was made at the time because of failure to introduce the affidavit and it is our contention therefore, that failure so to make objection is fatal to appellant's contention.

Counsel argues in the next place, that the return on the search warrant showed affirmatively that same was not served on Paul Reynolds personally and does not state that appellant was not found in the county. But section 2088, Hemingway's Code, providing for a search warrant in liquor cases also provides in the last clause of said section, that "a copy of the writ shall be served on the owner or claimant person in possession of such liquors." Now, this warrant authorizes a search of "that certain frame dwelling house, and all of the outhouses connected therewith, now occupied by one Paul Reynolds and members of his family," and specifies further that the officers shall make known "to the occupants thereof, if any, your authority for so doing," and provides for breaking into the house in the event no occupants are there. Now, in

the instant case, appellant's wife was at home. The writ was handed to her and the section of the code in this respect complied with. Furthermore, taking the testimony of Laura Reynolds, witness for the defendant, at its face value, she claimed that she was the owner both of the still and the various liquids found in the course of the search. She was likewise a member of Paul Reynold's family. Thus, both as a member of the family and as "claimant person in possession," she was properly served with said warrant.

A more serious objection advanced by appellant is that this search warrant was issued by A. W. Evans, justice of the peace of district No. 3, and authorized a search of premises in supervisor's district No. 2, and in addition, the writ was made returnable before Mr. Evans. Or, in other words, that the writ was made returnable before a justice of the peace of the wrong district. Now this court has held in *Bufkin* v. *State,* 98 So. 452, that a justice of the peace may issue a warrant under which officers may conduct a search, not only in this justice of the peace district but throughtout the county. Again, it was held in *Falkner* v. *State,* 98 So. 345, that the mayor of the town of Carthage as *ex officio* justice of the peace, might issue a warrant for search of premises beyond the corporate limits, but within the county. In both these cases, however, it is frankly admitted that the warrants were made returnable before the justice of the peace of the proper district. Whereas, in this case, the justice of the peace made the writ returnable before himself. It is our contention that this action of the justice of the peace did not invalidate the search warrant but could have been set up by appellant if brought before this justice of the peace, pursuant to the writ. Since there is not a line in the record to show that appellant was brought before this justice of the peace, or any justice of the peace, or that he was even apprehended until after indictment, he has no cause to complain.

The search warrant itself was valid and proper. There was no defect in the body of the warrant. There was no defect in the manner, time, or place of its issuance. It satisfied every requirement guaranteed to the citizen by section 23 of the Constitution, specifying the ''place to be searched and the person or thing to be seized.'' In fact, the search warrant is quite elaborate in setting forth with particularity the location of appellant's residence, and in naming the outhouses that could be searched and in itemizing the liquor and appliances for making same which could be seized thereunder. Every right of the individual guaranteed by section 23 of the Constitution, was here protected. This justice of the peace, under the Bufkin and Falkner cases, had authority to issue this warrant. He did so issue it and the warrant itself was valid in form. Since, therefore, the officers were proceeding under a valid warrant, evidence procured as a result of the search was properly admitted at the trial. The distinction lies in the issuance of a warrant and the return of same. It is true, the warrant was returnable before the wrong justice of the peace, but there is not a line to show that appellant was even brought before him. As a matter of fact, it affirmatively appears that appellant was not tried on an affidavit before a justice of the peace, but was here tried under an indictment procured in the circuit court. Had appellant been brought before Justice of the Peace Evans, it would then have been perfectly proper to have raised the question of Squire Evans' jurisdiction in the premises. But since Evans was acting within his authority in the issuance of the warrant, appellant cannot here be heard to declare that the warrant itself is void.

Counsel for appellant next contends that the testimony of the officers should have been excluded because the search warrant was void, in that it was issued for the search and seizure of a still, when as a matter of fact,

appellant alleges there is no statute authorizing the issuance of a search warrant for such a purpose.

Accepting counsel's argument at its face value, the court's attention is called to the fact that the search warrant in this case recites that liquor was being kept by Paul Reynolds and his family on the premises in question and ordered the sheriff to search these premises "and seize such liquors and all vessels and appliances used in connection therewith . . ." It appears, therefore, that this warrant authorized a search both for liquors and appliances. Now, the testimony shows that the officers found two fruit jars, each of which contained intoxicating liquor.

The record shows, therefore, a search warrant for liquor and the finding of liquor in the course of said search. Thus, accepting appellant's contention, the warrant shows that it authorized a search for liquor, and the record shows the finding of liquor. Since, therefore, these officers armed with a proper warrant for the seizure of intoxicating liquors, under section 2088, were lawfully on the premises and being lawfully on the premises, saw a crime being committed in their presence, to-wit: the possession of a still for making liquor, it follows that these officers being lawfully on the premises at the time when this crime was committed in their presence had a right to testify respecting such crime.

III. There was no error in the admission of evidence. His first reference is to the testimony of Sheriff Vardaman regarding the sixty gallons of mash, the contention being that the search warrant did not authorize a search and seizure of mash. The progressive character of this state's legislation on this subject has just been discussed at length. There was no error in permitting the witness to testify what mash could be used for. But granting that this was incompetent, it certainly does not constitute reversible error. Appellant was not indicted for manufacturing liquor, in which event the mash and all testi-

mony regarding same would have been of the utmost importance, but appellant was indicted for having a still in his possession, and officers testified clear-cut and unequivocally as to the still itself.

In *John* v. *State,* 95 So. 84, the opinion of the witnesses went directly to the fundamental issue there before the court, to-wit: the identity of the car making certain tracks. Here, the opinion of the witnesses regarding the use to which the mash might be put, went merely to an incidental phase of the case.

It is submitted that the question whether this still was used for the purpose of distilling water, was proper and even if the answer thereto as couched in the language of the record was improperly phrased, it is not so prejudicial as to justify a reversal. This is very different from a case of circumstantial evidence where there is grave doubt as to the connection of the defendant with the crime and a witness is erroneously allowed to state that tracks found at the scene of the crime are in his opinion the tracks of the accused.

Finally, we desire to call attention of the court to the fact that appellant's wife took the stand in his behalf as sole witness for the defendant. While it is true that she did not admit all facts testified to by this officer, yet she did admit the presence in this house and on these premises of several of the most important items going to make up the still in question. It seems logical, therefore, that the doctrine of *Blowe* v. *State,* 130 Miss. 112, 93 So. 577; 24 A. L. R. 1429; and *State* v. *Watson,* 98 So. 241, might well be extended to such a case as this. Since, however, the search was lawful, the warrant properly issued, the testimony of the officers clear-cut and unequivocal, and the verdict of the jury plainly in accord with justice and the facts, it is unnecessary to invoke the doctrine of the Blowe case and for the reasons herein set forth, this cause should be affirmed.

Argued orally by *H. Talbot Odom,* for appellant, and *Francis Harmon,* Special Assistant Attorney-General, for the state.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was convicted of having a still in his possession and sentenced to the penitentiary for two years, under the provisions of chapter 211, Laws of 1922. The evidence upon which he was convicted was that of the sheriff and some deputies, who procured a search warrant to search the premises of the appellant from a justice of the peace who lived in another district from that which appellant lived in; the warrant being returnable before the justice of the peace who issued it. The officers went to the residence of the appellant, but did not find him there, and delivered a copy of the warrant to appellant's wife and proceeded to make a search of the cookroom of the dwelling of appellant; the officers testifying that they found a barrel of mash by the stove and this barrel of mash contained a fifteen pound sack of sugar. They also found a pot and the lid which fit over the pot, and a pipe connected therewith, and a trough, all of which, when set up, would constitute a distillery capable of making intoxicating liquors. The officers also found a small quantity of moonshine whiskey. No criminal prosecution was instituted in the justice of the peace court, but the bill of indictment by the grand jury constitutes the beginning of the prosecution in this case. The first indictment returned did not negative the exceptions contained in the statute. Chapter 211, Laws of 1922. There was, however, a trial had on the first indictment and a conviction and sentence thereunder, but a motion for a new trial was filed and was taken under advisement by the circuit judge until the next term of court.

In the meantime, this court held that an indictment which did not negative the exceptions in this statute was void, and reversed a conviction for that reason. At the next term of the circuit court the grand jury returned a new bill of indictment against the appellant, in which the exceptions were negatived and the defendant arraigned thereon, whereupon he filed a plea of a former conviction, setting up the first trial and conviction under the first indictment. At the time this plea was filed the motion for a new trial had not been finally acted upon by the circuit judge, but the circuit judge, after the filing of the plea, sustained the motion for a new trial; whereupon the district attorney entered a *nolle prosequi,* and the district attorney then replied to the plea of a former conviction, setting up the nullity of the former conviction, because of the defect in the indictment and the final disposition thereof by *nolle prosequi,* to which replication appellant demurred, which demurrer was overruled and the cause proceeded to trial under the present indictment.

We think there is no merit in the contention, under these facts, that the defendant had already been in jeopardy for this offense, because, under section 22 of the Constitution of 1890, there must be a conviction or acquittal on the merits, which of course, means a valid judgment. When the court set aside the former judgment it became a nullity, and when the district attorney entered a *nolle prosequi* with the consent of the court the former charge was removed from the proceedings.

The state, to make out its case, introduced the sheriff and his deputies, who testified to what they found in the residence of appellant, and, over the objection of the appellant, testified to finding a still outfit in the residence of the defendant. It is earnestly insisted that this is error, because it is said that the justice of the peace did not have jurisdiction to issue a search warrant, to run into another district, returnable before himself, and that consequently the search was illegal.

In *Bufkin* v. *State* (Miss.), 98 So. 452, we had this precise question presented and urged before us in a similar case. In that case the opinion does not reflect the fact clearly that the search warrant was returned before the justice who issued it, but the fact is that the justice there issued the warrant in another district and it was returnable before himself and was so returned. However, the charge there preferred was preferred before the justice of the district in which the search was made, just as here it is preferred in the circuit court by indictment. In that opinion Judge COOK, speaking for the court, said:

"As conservators of the peace, with jurisdiction coextensive with the county by the express provision of this statute, it is made the duty of any justice of the peace of the county to issue the search warrant when a proper affidavit therefor is lodged with him, and under this section a justice of the peace may issue a warrant to be served in any part of his county. The provision of the statute with reference to the return of the search warrant provides (section 2088, Hemingway's Code) that it shall be returnable at a time to be stated therein, not earlier than five days, and a copy of the writ shall be served on the owner or claimant person in possession of such liquor."

"The purpose of the statute, in requiring service of the warrant on the owner of the liquor, and that it be made returnable on a day certain, not earlier than five days from its issuance, was twofold: First, to afford the owner notice of the legality of the search, so that he would not resist its being done; and, second, to afford him a remedy for the recovery of the liquor seized, if he should be entitled thereto. The fact that the return day fixed in this warrant was earlier than five days from its issuance could have nothing to do with the first purpose mentioned. It only had to do with the remedy of the person found in possession of the liquors for their re-

covery, and, in view of the fact that, under the provision of chapter 189, Laws of 1918, no property rights of any kind exist in the liquors here involved and the possession thereof under any circumstances by one who is not an officer is illegal, no right of the appellant was infringed, by reason of the fact that the return day fixed in the warrant was earlier than five days from its issuance.''

Under the holding of this case, we think the search was not illegal.

It is next contended that the search warrant did not authorize the search for a still or the integral parts of a still, and it was incompetent to admit the evidence of the finding of a still when the search warrant only authorized a search for intoxicating liquors. It seems to us that the reply to this contention is that the officers were legally in the residence and saw the still there, which by law was made a crime; that is to say, it is made a crime by law to have a still, or any integral part thereof, except for the purposes named in the exceptions in the statute. The sheriff testified that this still had been used to manufacture intoxicating liquors and was used for that purpose exclusively. Being lawfully in the residence of appellant, and finding these contraband articles therein, it became and was the duty of the sheriff to seize them and to deal with them as provided by law. We are not concerned here with whether the officer would have authority to issue a search warrant for a still under section 2088, Hemingway's Code (chapter 115, Laws of 1908), or under any other statute. The warrant which the sheriff did have made his entry into the house lawful, and, being lawfully there, he had a right to seize articles found which the law prohibited any person having in his possession.

It is next insisted that it is error to permit the interrogation of the sheriff as to his knowledge of stills, etc. Among the questions asked is the following:

''Q. Tell the court and jury, based on your experience as an officer and your knowledge of stills, what this mash

could be used for, if anything? (Objected to; overruled; (exceptions.) A. For making whiskey, and nothing else.''

The witness had testified that he had four years' experience as a revenue officer enforcing the federal laws against stills, and four years as district attorney of the United States for the Northern district of the state, and four years as sheriff in similar work. It is incumbent upon the state to make out a case and negative the exceptions contained in the statute, and we think the evidence along this line in the record was competent to show that the still was not used for the lawful purposes named in the exception in the state law.

It is next claimed that the court erred in refusing to permit appellant to show that his wife had also been indicted for the same offense. We do not think that that was competent for any purpose. Whether the wife was also charged with having a still and whether she was guilty or innocent of such charge has no place in this record, further than was admitted by the court, which is to say that the court admitted the wife to testify as a witness that the property seized belonged to her, and she denied any knowledge of certain parts of the property, and testified that her husband did not own any of it. The purpose of the trial is to determine whether the defendant is guilty or not, and not to show who else may be charged with the same or a similar crime.

It is urged, also, that the evidence is insufficient to convict the appellant, because the evidence shows that he was not present at the time of the search and there is no evidence that he knowingly had possession of the still. It is true the evidence shows he was away from home at the time of the search, and that his wife claimed that the mash was slop for feeding hogs and belonged to her, and that the pot was her pot, and not the property of the appellant. But the sheriff testifies that the mash was from three to six or seven days old; that he tasted it and knew

that it was intoxicating. The evidence further shows that the appellant was at home the morning preceding the search at night, and the wife's testimony shows that the contents of the mash barrel had been there for a number of days. According to her testimony, she put in and took out each day, but never entirely emptied, the container. It is true, she says, it was not mash, but was slop gathered up from the neighbor's houses, but the sheriff testified to the contrary, and it was for the jury to say who was telling the truth about it.

We think the case at bar is different on its face from the case of *Williams* v. *State* (Miss.), 98 So. 107, relied on by the appellant.

It is next insisted that it was error for the court to refuse the following instruction:

"The court instructs the jury for the defendant that, even though they may believe from the evidence in this case that there was a complete still in defendant's residence, yet that of itself is not sufficient to convict the defendant, unless the jury further believe from the evidence, beyond a reasonable doubt, that he knowingly owned, possessed, and controlled the same, and, if there is a reasonable doubt that he did knowingly own, control, and possess said still, then the jury should find him not guilty."

The defendant obtained the following instruction:

"The court further instructs the jury for the defendant that in this case they cannot convict the defendant upon mere suspicion or conjecture. It makes no difference as to how suspicious the circumstances may be as to the defendant's guilt, if the jury are not satisfied in their own minds beyond a reasonable doubt that the defendant knowingly owned, controlled, or possessed a complete still, as charged in the indictment, then they should promptly find him not guilty."

This instruction given announces the law correctly, that the "defendant knowingly owned, controlled, or pos-

sessed'' the still. The instructions given for the state and the defendant fairly announced the law applicable to the case, and we find no reversible error in the judgment. The case will therefore be affirmed.

*Affirmed.*