Dawsey *v.* State.*

(Division A.   Nov. 15, 1926.)

[110 So. 239.   No. 25203.]

1. Indictment and Information. *Statute as to indorsement of indictment by foreman of grand jury held satisfied though name not on dotted line (Hemingway's Code, section 1174).*

   Indorsement of indictment by grand jury foreman, though not on dotted line, but three-fourths of inch above words, "Foreman Grand Jury," with statement of offense charged between, *held* to satisfy Hemingway's Code, section 1174 (Code 1906, section 1418).

2. Intoxicating Liquors.

   Justice of peace may issue warrant for search for liquor in district of the county other than his, and it is not void because made returnable before him in his district.

3. Criminal Law.

   Matter discovered on execution of valid search warrant for liquor is admissible.

---

*Corpus Juris-Cyc. References: Criminal Law, 16 C. J., p. 567, n. 97. Indictments and Information, 31 C. J., p. 619, n. 9. Intoxicating Liquors, 33 C. J., p. 678, n. 33.

Appeal from circuit court of Marion county.

Hon. J. Q. Langston, Judge.

A. P. Dawsey was convicted of the unlawful possession of a still, and he appeals. Affirmed.

*B. J. Goss,* for appellant.

I.   This indictment is defective in that it fails to com-
ply with section 1418, Code of 1906, in this, to-wit: The
said indictment fails to show that it was signed or has
ever been signed by the foreman of the grand jury. Un-
less the indictment strictly conforms to statutory require-
ments, there is no indictment. See *Williams* v. *State,*
64 Miss. 299; *Stafford* v. *State,* 76 Miss. 257.

It is true that R. R. Griffith was foreman of the grand
jury when the supposed indictment was returned, but
we contend that his official title, "Foreman of the Grand
Jury," must immediately follow his name, and in this
case the indictment shows that A. P. Dawsey and R. R.
Griffith are jointly indicted and that the same has never
been signed by R. R. Griffith as foreman of the grand
jury, as appears on the face of the indictment. The in-
dictment must stand or fall on its face, as testimony is
inadmissible to aid the validity of an indictment. 22
Cyc. 206, subsection 5.

II.   There was no legal evidence introduced at the
trial of this case. The defendant's premises had been
searched by the officers with a void search warrant. The
affidavit for the search warrant did not pray for the
issuance of a search warrant for a whisky still, but di-
rected the sheriff among other things to search for and
seize whisky stills. There was no authority for issuing
the warrant for this purpose. First, there was no affi-
davit to base the warrant on; secondly, there was no
law authorizing a warrant to be issued for whisky stills.
See *Morton* v. *State,* 101 So. 379.

III.   The search warrant is void for the further reason
that the return fails to show that the defendant was
served with a copy, as required by chapter 115, Laws of
1908.

IV. All testimony offered by the state on this search warrant was inadmissible for the search warrant was issued by C. R. Foxworth, a justice of the peace of District No. 5, Marion county, which was to be served in Justice District No. 2, the home of the defendant and where he was residing and was made returnable before C. R. Foxworth, in Justice District No. 5, although at the time two justices of the peace were qualified and acting in and for said Justice District No. 2. See *Riley* v. *James*, 73 Miss. 1, 18 So. 930; 24 Cyc. 501 G; section 2479, Code of 1906.

The testimony offered on a void search warrant is absolutely inadmissible, as has been held by this court in: *Butler* v. *State*, 129 Miss. 778; 93 So. 3; *Williams* v. *State*, 129 Miss. 486, 92 So. 584; *Tucker* v. *State*, 128 Miss. 211, 90 So. 845; *Owens* v. *State*, 133 Miss. 753; *City of Jackson* v. *Howard*, 135 Miss. 102; *Turner* v. *Lilly*, 54 Miss. 576. See, also, section 2724, Code of 1906.

V. We further contend that the testimony offered by the state is not sufficient to convict the defendant. *Morton* v. *State*, 101 So. 379.

*W. A. Scott, Jr.*, Special Agent, for the state.

I. From a glance at the indictment, it will be seen that the foreman merely signed his name on the wrong line. As a matter of fact, there is an agreement in the *certiorari* papers to this effect. The papers further show that the indictment was duly filed and recorded and signed by the clerk of the court. There was no error in allowing the state to introduce testimony showing that the foreman had merely signed his name in the wrong place. The error was made through inadvertence and did not affect the validity of the indictment. Everything required by the statute has been complied with; the indictment was returned in open court by more than twelve members of the grand jury, in the presence of the foreman; was signed by the foreman and immediately

filed by the clerk. This was all that was necessary to be done and as the mistake was merely a matter of form, no objection can be raised.

II.    The appellant next contends that there is a variance between the affidavit and search warrant. The affidavit prays for a warrant to issue "directing a search for and seizure of said liquor, vessels, and appliances." The warrant directs a search and seizure of "such intoxicating liquors and appliances or whisky still." We can see no variance in the above. The additions of the words "whisky still" in the warrant do not broaden or enlarge the terms used in the affidavit, but restrict them by limiting the appliance to one kind only. "Appliance" is the wording used in the search and seizure statute found in section 1749, Code of 1906 (section 2999, Hemingway's Code).

III.    The next contention of the appellant is that a copy of the warrant was not served upon the defendant as shown by the return. Mr. Hall states that a copy of the warrant was handed to the defendant and this was not denied in the record.

IV.    It is further contended that the warrant is void for the reason that it was issued in Supervisor's District No. 5 for the search of property in District No. 2 and was made returnable to District No. 5; but see *Falkner* v. *State,* 98 So. 345; *Bufkin* v. *State,* 98 So. 452.

The affidavit charges and the return of the officers show that the defendant is guilty of a felony. The justice in this case as conservator of the peace had the power to arrest the defendant who is guilty of a felony wherever he may be found in the county and to bind him over to the circuit court. This case is entirely different from the one in which the justice seeks to try the case on a mere misdemeanor. We think the question presented here is controlled by *Reynolds* v. *State,* 101 So. 485, 136 Miss. 329.

McGOWEN, J., delivered the opinion of the court.

This is the second appeal, this case having been reversed by this court on the first appeal, 136 Miss. 18, 100 So. 526. After reversal, the defendant was again indicted jointly with his son, O. W. Dawsey, on a charge of having a whisky still in their possession. The son, O. W. Dawsey, entered a plea of guilty. A. P. Dawsey, the father, was tried on the charge, resulting in his being convicted and sentenced by the court to a term of two years in the penitentiary.

The only assignments of error we deem it necessary to notice are:

First: That the indictment, as returned, was null and void, for the reason that it failed to comply with section 1418, Code of 1906 (section 1174, Hemingway's Code), in that said indictment fails to show that it was signed by the foreman of the grand jury in his official capacity, said section reading as follows:

"All indictments must be presented to the court by the foreman of the grand jury, with his name indorsed thereon, in the presence of at least twelve of such jury, including the foreman, and must be marked 'filed,' and such entry to be dated and signed by the clerk; and an entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the indorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment."

The thing complained of is that R. R. Griffith, foreman of the grand jury, signed his name on the back of the indictment immediately below the defendant's name, A. P. Dawsey, and immediately above these words:

"charged with
Possessing a whisky still
A true bill
                    "Foreman Grand Jury."
The indictment is further indorsed.

"Filed the 18th day of June, 1924.

"Recorded the 18th day of June, 1924.

"L. N. COOK, Clerk."

And the record shows that R. R. Griffith was, at that term of court, and on the day of the return of this indictment into open court, foreman of the grand jury, and that he signed his name on the back of the indictment, and it is admitted that he was the duly qualified and acting foreman of the grand jury, and that he signed same before it was returned by the grand jury, and that, by oversight, he did not sign "on the dotted line" at the place prepared for the signature of the foreman of the grand jury. His name appears on the back of the indictment about three-fourths of an inch above the words, "Foreman of the Grand Jury."

Taking the whole record together, we think that all the necessary requisites relative to the returning and certification of the indictment have been complied with, and we are unwilling to reverse this case because the foreman of the grand jury did not "sign on the dotted line." No conceivable harm could have been done defendant, and no constitutional or statutory right has been denied him, and we think that it abundantly appears that the foreman of the grand jury complied with section 1174, Hemingway's Code (section 1418, Code of 1906), above quoted, and that the clerk complied with said section, and that the paper is a good and valid indictment of defendant in so far as said section is concerned, and that the signing, as indicated above, was his official act, and appears to be the official act of the foreman of the grand jury from an examination of the original instrument.

Second: It is next assigned for error that the testimony of the sheriff and others who arrested defendant and made the search was inadmissible and incompetent and should have been excluded, for the reason that Foxworth, a justice of the peace of district No. 5 of Marion county, before whom the affidavit for a search warrant was made, issued the warrant, which was to be served

in district No. 2, for defendant, where he resided, and where the officers found, in his smokehouse within thirty feet of his kitchen, two stills, from one of which the whisky was running, and the other was fired up and ready for business; that there are two legally qualified justices of the peace in district No. 2, and that said warrant was made returnable before Foxworth in district No. 5. There are some other objections to the search warrant, but we do not deem them of sufficient importance to notice.

This precise question has been considered by the court in the case of *Reynolds* v. *State,* 136 Miss. 329, 101 So. 485, in which case the search warrant was issued by Evans, justice of the peace in district No. 3, which authorized a search in district No. 2, and the writ was made returnable before Evans in district No. 3. The court cited *Bufkin* v. *State,* 134 Miss. 1, 98 So. 452, Id., 134 Miss. 116, 98 So. 455, and held as follows:

*"Intoxicating Liquors.—Justice of Peace may issue search warrant for execution in any part of county; search warrant made returnable to issuing justice in district other than where search was made does not render it void.*—Under section 2088, Hemingway's Code (chapter 115, Laws 1908), a justice of the peace has jurisdiction to issue a search warrant to be executed in any part of the county. It should be made returnable before a justice of the peace of the district where the search is to be made, but an error in making it returnable to himself in a district other than where the search is made does not render the warrant void. *Bufkin* v. *State,* 134 Miss. 1, 98 So. 452."

*"Intoxicating liquors.—Seizure of still under warrant to search premises for intoxicating liquors, held lawful; testimony of officers, seizing still under warrant for search of premises for liquors, to such fact admissible.—* Where officers procured a search warrant to search the premises of a named person for intoxicating liquors, and obtain entrance into the house on such search warrant, and find in said house a still or the integral parts thereof, which it is unlawful to possess, under chapter 211,

Laws of 1922, the officers may seize the same and deal therewith as provided by law. The officers being lawfully in the house, are not wrongdoers or trespassers, and they may testify to such facts; it being lawful to seize such contraband articles.''

As to this point, this case is ruled by *Reynolds* v. *State, supra.*

Third: It is insisted that the testimony of the officers in this case is not sufficient to sustain a conviction of the defendant.

Having held that the evidence offered by the officers in this case was competent, we think the verdict of the jury is supported by ample testimony.

*Affirmed.*